## MOON MOTOR CAR CO. et al. v. MOON et al.
### No. 9245.

Circuit Court of Appeals, Eighth Circuit.
April 12, 1932.

S. Mayner Wallace, of St. Louis, Mo. (T. M. Pierce, of St. Louis, Mo., on the brief), for appellants.

Robert A. Holland, Jr., of St. Louis, Mo. (Holland, Lashly & Donnell, Jacob M. Lashly, and Forrest C. Donnell, all of St. Louis, Mo., on the brief), for appellees.

Before STONE and KENYON, Circuit Judges, and CANT, District Judge.

KENYON, Circuit Judge.

Appellant Moon Motor Car Company, a Delaware corporation (plaintiff in the trial court and so designated herein) brought action against appellees who are officers of appellant company to recover $5,343.10, which plaintiff claimed defendants (appellees) had wrongfully taken from its treasury. Plaintiff after institution of suit became insolvent, and the receiver, Seneca C. Taylor, was added as a party plaintiff with the corporation. At the close of plaintiff's case, the court upon motions instructed verdicts for each of the defendants. After the court had indicated that the demurrers to the evidence filed by defendants would be sustained, plaintiff's counsel stated that the action seemed to be one against the directors of the corporation as quasi trustees, and that, if the case was one in equity, he moved for judgment and decree joint and several against defendants for the amount of money sued for.

The question here is whether the court erred in directing a verdict for defendants.

Defendants' counsel argue that the complaint sounds in trover and the allegations thereof do not show that any specific articles were involved or appropriated, as would be necessary in trover; that the complaint fails to state that the plaintiff was the owner of the specific chattels, that it merely states conclusions, that the testimony fails to show any joint liability, and that the proof is a departure from the complaint.

Practically all of the evidence, which was entirely documentary, was objected to by defendants, but admitted by the court. We are satisfied the court committed no prejudicial error in its rulings on the admission of evidence.

At the time the motions of defendants for an instructed verdict were passed on by the court, the evidence tended to show the following: Defendants Moon, Klemme, and Dornseif were directors and respectively secretary, treasurer, and auditor of plaintiff corporation. They received salaries from said company for their services prior to January 1, 1929, as follows: Moon, $416.65 per month; Klemme, $350 per month; Dornseif, $300 per month. These salaries were reduced in some way not appearing on the record, commencing January 1, 1929. In fact no record is introduced showing how the salaries were fixed either prior to or subsequent to January 1, 1929, but it clearly appears by checks and the vouchers accompanying them given to defendants that their salaries were paid every half month after January 1, 1929, and were as follows: Moon, $210 per month; Klemme, $250 per month; Dornseif, $250 per month.

On April 8, 1930, the following check was drawn and distribution voucher issued for the same:

"Moon    Moon Motor Car Co.    No. 3632
        "St. Louis, Mo. April 8, 1930.
"Pay to the Order of National City Bank of St. Louis, $5343.10 exactly Five Thousand Three Hundred Forty Three Dollars ten Cents.
            "Moon Motor Car Co.,
"[Signed]  John J. Dornseif, Auditor.
"To the National City Bank of St. Louis
"4-7  St. Louis, Mo.
"Countersigned, [Signed]  Stanley Moon,
            Vice-President, Secretary.
"If Incorrect Return at Once
"Detach Voucher Before Presenting
"Endorsement is Receipt in Full."
(Marked "Paid 4-9-30.")

        "Distribution Voucher
            "On
    "The National City Bank of St. Louis,
            No. 3632
    "St. Louis, Mo. April 8, 1930.
"Pay to the Order of National City Bank of St. Louis, $5,343.10.
            "G/L
"Per resolution by the Board of Directors of July 24, 1929.
    "$5,343.10."

The bank upon which this check was drawn issued three cashier's checks to the

defendants in amounts as follows: Moon, $2,893.10; Klemme, $1,750; Dornseif, $700. Each of these checks bears the indorsement of defendant payee, showing the money was received as above set forth. The total of the above amounts is what plaintiff sought to recover.

The inquiry is, What is there in the record to show that these defendants were entitled to this money? No justification therefor is pleaded in the answer. They were directors as well as active officers of the corporation. The by-laws of the corporation provide, section 22: "The salaries of all officers and agents of the corporation shall be fixed by the Board of Directors."

Section 26 of the by-laws provides: "Directors, as such, shall not receive any stated salary for their services, but by resolution of the Board, a fixed sum and expense of attendance, if any, may be allowed for attendance at each regular or special meeting of the Board, provided that nothing herein contained shall be construed to preclude any Director from serving the corporation in any other capacity and receiving compensation therefor."

The resolution of the board of directors of July 24, 1929, which is recited on the distribution voucher of the $5,343.10 check, is as follows: "It was then recommended by the Board, that the President reinstate the salaries of certain officers and employees of the Company, at the amounts they received on January 1st, 1929, in order to retain sufficient organization to properly conduct the affairs of the Company."

If this action had been one for an accounting, as it apparently should have been, Providence Min. & Mill. Co. v. Nicholson et al. (C. C. A.) 178 F. 29; Davenport Oil Co. v. Davenport (C. C. A.) 23 F.(2d) 191, the evidence would seem sufficient to call for explanation from defendants and some proof of their authority to draw this money from the treasury of plaintiff.

If the action should be considered as one at law, we think the evidence was such that a verdict should not have been instructed at the close of plaintiff's case, but that defendants should have been put upon their proof.

The arguments here on the part of defendants are rather technical. We are not impressed with the argument that plaintiff must show the particular coin or paper taken in order to recover under its petition. Whatever the action may be called, plaintiff is trying to recover for moneys which it

claims were wrongfully taken from it by its officers. It does not seek to recover the specific coins or paper money. There is no earmarked money involved, but it asks for judgment for the value of the property taken. If it erroneously terms its action one at law, its rights, if any it have, should not be defeated by technical error as to the form of action.

The by-laws provide that directors as such shall not receive any salary. They could, under section 26 of the by-laws, by resolution of the board, be paid a sum and expenses for attendance, and they were not precluded from serving the corporation in any other capacity and receiving compensation therefor. Counsel for defendants suggest that directors serve a corporation in many other ways than as directors or officers, that they may serve as salesmen, superintendents, bookkeepers, etc., and this is true, but it is apparent from these checks and vouchers that the payments complained of were not payments to defendants for services as directors.

The rule as to compensation for directors is laid down in 7 Ruling Case Law, § 445, as follows: "And it is the well settled general rule that the directors of a corporation cannot recover compensation for their services when rendered in the line of their duty as such, whether eo nomine as directors, officers, members of committees, or otherwise, unless compensation for such services is provided for in its charter or authorized by a by-law or resolution of the board of directors before the services are rendered. This rule applies to a director who is president of the company, treasurer, or vice president thereof. The board of directors has no inherent power to vote a salary to any director. The power so to do must emanate from the stockholders, from statute or from by-laws legally adopted. * * *"

As to compensation to directors of a corporation, this court said in National Loan & Investment Co. v. Rockland Co., 94 F. 335, 337: "The directors of a corporation are trustees for its stockholders. They represent and act for the owners of its stock. Ordinarily the employment of a servant by a corporation raises the implication of a contract to pay fair wages or a reasonable salary for the service rendered, because it is the custom to pay such compensation, and men rarely sacrifice their time and expend their labor or their money in the service of others without reward. Directors of corporations, however, usually serve without

wages or salary. They are generally financially interested in the success of the corporation they represent, and their service as directors secures its reward in the benefit which it confers upon the stock which they own. In other words, the custom is to pay the ordinary employees of corporations for the services they render, but it is the custom of directors of corporations to serve gratuitously, without compensation or the expectation of it. The presumption of law follows the custom. From the employment of an ordinary servant, the law implies a contract to pay him. From the service of a director, the implication is that he serves gratuitously. The latter presumption prevails, in the absence of an understanding or an agreement to the contrary, when directors are discharging the duties of other offices of the corporation to which they are chosen by the directory, such as those of president, secretary, and treasurer." See, also, Monmouth Inv. Co. et al. v. Means (C. C. A.) 151 F. 159; Hayes v. Canada, Atlantic & Plant S. S. Co., Limited (C. C. A.) 181 F. 289; Welden v. Stephens Farm Loan Co. (Mo. Sup.) 213 S. W. 54. Surely a jury or a court under the facts shown, if unexplained, would be warranted in finding that the payments complained of were for salaries and had nothing to do with the labors of these defendants as directors.

Did the resolution of July 24, 1929, convey authority to defendants to draw the money from the treasury of the company? It was a recommendation by the board that the president reinstate the salaries of certain officers and employees at the amounts they received on January 1, 1929. If the resolution of the board was sufficient to grant authority to the president to restore certain salaries, which we do not determine, there is nothing in the resolution to show that the board of directors had these defendants in mind at all. They are not specified. In view of the fact that after that time they receipted for their "salary in full," it might be assumed, in the absence of further evidence, that the president did not attempt to exercise this claimed authority as to them.

It is suggested in argument that, as these defendants' salaries were paid before January 1, 1929, on a certain basis there would be a presumption that they continued at the same amount, and hence they had a right to reimburse themselves on the basis of the salaries theretofore paid them. As this record stands, no such presumption could be indulged, in view of the checks and vouchers showing different salaries after January 1, 1929.

We are expressing no opinion as to the merits of the case. We are taking the record as made by plaintiff's evidence in determining the question at issue here, viz., the correctness of instructing a verdict for defendants.

We think this case should have been brought on the equity side of the docket. If we were satisfied, however, that the result reached at law was correct and the same as should be reached in equity, it would be useless, of course, to reverse the judgment and remand it for a trial in equity. The constitutional objection where a law action is tried in equity because of the right to a jury trial is not present where an equity action is tried at law. The whole tendency of modern legal development is to get away from technical procedure. The Judicial Code, § 274b (section 398, title 28, USCA) provides for equitable defenses and equitable relief in actions at law, and section 274a of the Judicial Code (section 397, title 28, USCA) provides, where a suit at law should have been brought in equity, the court shall order any amendments to the pleadings which may be necessary to conform them to proper practice, and "any party to the suit shall have the right, at any stage of the cause, to amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court." Equity rule 18 (28 USCA § 723) provides that technical forms of equity pleadings are abolished. The procedure to be followed in a situation such as this is pointed out in Liberty Oil Company v. Condon National Bank et al., 260 U. S. 235, 241, 43 S. Ct. 118, 120, 67 L. Ed. 232. Chief Justice Taft there says: "The proceeding was changed by defendant's answer and cross-petition from one at law to one in equity with all the consequences flowing therefrom. The better practice would perhaps have been, on the defendant's filing its answer and cross-petition, to order the cause transferred to the equity side of the court. Under equity rule No. 22 [28 USCA § 723], a suit in equity which should have been brought at law must be transferred to the law side of the court. There is no corresponding provision in rule or statute which expressly directs this to be done when the action begun at law should have been by a bill on the equity side, but we think the power of the trial court to order a transfer in a case like this is implied from the broad language of section 274b,

above quoted, by which the defendant who files an equitable defense is to be given the same rights as if he had set them up in a bill in equity, and from section 274a of the Judicial Code * * * quoted below, in which the court is directed, when a suit at law should have been brought in equity, to order amendments to the pleadings necessary to conform them to the proper practice. Webb v. Southern Ry. Co. (D. C.) 235 F. 578, 593, 594." It would appear therefore that under section 274a of the Judicial Code, if plaintiff's counsel had been satisfied that this was not a suit at law, he should have asked to be permitted to amend the pleadings and plead a cause in equity. If the court was satisfied it was a suit in equity, it could have directed, under section 274a, that amendment be filed to the pleadings necessary to conform them to the proper practice. The motion of counsel for plaintiff for judgment and decree was predicated upon an "if," viz., Was it really a case in equity? There was no error in overruling this motion.

We do not discuss some of the points raised by appellees such as variance, departure, joint liability, etc., because we consider it superfluous so to do.

Our judgment is that the case should be remanded to the trial court where plaintiff, if so advised, should be permitted to amend its complaint to conform to the proper practice. Ordinarily an appellate court will not disturb a judgment on appeal for a matter of mere procedure where satisfied that the result is correct. We are not so satisfied on this record. The judgment in favor of defendants should be set aside and the case remanded to the trial court for further proceedings. It is so ordered.

Reversed and remanded.