Mathilda WENGER (Plaintiff), Respondent,

v.

Melvin YOUNG and Margaret Young (Defendants), Appellants.

No. 30083.

St. Louis Court of Appeals. Missouri.

Nov. 5, 1958.

Rehearing Denied Dec. 8, 1958.

Chaim H. Zimbalist, Clayton, for appellants.

J. Leonard Walther, Clayton, for respondent.

WOLFE, Judge.

This is an action in unlawful detainer. It was brought in a magistrate court in St. Louis County and went by appeal to the circuit court. There it was tried to the court which ordered restitution of the property in question to the plaintiff and awarded judgment for $1,350 damages, which was the total of the rent owing at the time of trial. The defendants prosecute this appeal.

The evidence consisted of the testimony of a process server, who stated that he served a notice of demand for possession on the defendants and executed a return on a copy of the notice which was introduced in evidence.

Plaintiff testified that she was the owner of the property occupied by the defendants and that they paid her $50 a month as rent; that the rent was paid up to August 5, 1955; and that there was owing at the time of the trial $1,350 for occupancy since August 5, 1955.

A letter signed by counsel for the defendants admitting receipt of the notice to terminate tenancy was also in evidence.

No evidence was offered by the defendants.

All of the points raised by the appeal relate to the notice terminating the tenancy and demanding possession. The notice which was served on the defendants is as follows:

"Notice to Tenant to Terminate Tenancy

"To: Mr. and Mrs. Melvin Young:

"You Are Hereby Notified and required to surrender and deliver up to Mathilda Wenger the quiet and peaceable possession of the premises you now occupy, being:

"Residence at 29 Ballwin Road, Glencoe, Missouri together with all appurtenances thereto belonging, in the County of St. Louis, State of Missouri, and to remove therefrom on August 5, 1955, which is the expiration of one

month from your next rent due date, according to law, it being the intention of the said Mathilda Wenger to terminate your tenancy on that date.

"Mathilda Wenger, Owner

"By John F. Hanlon,
"Her attorney and agent, 506 Olive Street, St. Louis 1, Missouri; GA 1-2950.

"State of Missouri } ss
City of St. Louis }

"The undersigned, Harold H. Fresert, being duly sworn, on his oath states that he served a copy of the above and foregoing notice on Mr. and Mrs. Melvin Young by personally delivering a copy to each of them this 28th day of June, 1955.

"(Signed) Harold H. Fresert

"Subscribed and sworn to before me this 28th day of June, 1955.
"(Seal of Notary Public)
"Elmer J. Hanke,
"Notary Public"

■ It is first asserted that the notice and the evidence failed to show what period was covered by the rent month. The notice plainly states that August 5 is the expiration of one month from the next due date. No other meaning could be attached to this except that the rents became due on the 5th of each month. This was supported by the evidence on the question. The plaintiff testified that the defendants paid $50 a month and that the rent had been paid up to August 5. The notice and evidence are consequently sufficient to prove the rent period. McIlvain v. Kavorinos, Mo.App., 202 S.W.2d 103.

■ Another point raised in reference to the notice is that the court erred in admitting in evidence the return of service of a process server who served the notice on the defendants. The return was made on a carbon copy of the notice served, and it is contended that this violated the best evidence rule, and that it was therefore erroneously received in evidence. It is asserted that secondary evidence is not admissible unless it is made manifest that the primary evidence is not available. This does not as a general rule apply to a carbon copy which is considered a duplicate and is admissible as such. The point is consequently without merit. Barr v. Armstrong, 56 Mo. 577; Schroer v. Schroer, Mo., 248 S.W.2d 617; Anglo-American Mill Co. v. Twin City Mercantile & Mfg. Co., 225 Mo. App. 329, 35 S.W.2d 982; Miller v. John Hancock Mut. Life Ins. Co., Mo.App., 155 S.W.2d 324.

■ It is also contended that there is no evidence that the party who signed as agent for the owner was in fact the agent. Section 534.050 RSMo 1949, V.A.M.S., provides in part as follows: "When the demand shall be made by an officer authorized to serve judicial process, his return shall be prima facie evidence of the facts therein stated; and if such demand be made by any other person, the return shall be sworn to by such person, and shall then be prima facie evidence of the facts therein stated." The notice states the agency and the return was therefore prima facie evidence thereof.

No further points having been raised on appeal for our consideration, the judgment must be affirmed.

RUDDY, P. J., and ANDERSON, J., concur.