Martha McLENDON, Appellant,

v.

Helen Ashbaugh Hunt Speer **LEIGHTY**,
Respondent.

No. 22885.

Kansas City Court of Appeals.

Missouri.

Feb. 2, 1959.

Jack N. Bohm, Kansas City, for appellant.

Len L. Balke, William R. Kelly, Kansas City, for respondent.

SPERRY, Commissioner.

Martha McLendon, plaintiff, sued defendant for a balance alleged to be due as rent on a house. The Court directed a verdict for defendant at the close of plaintiff's case. Plaintiff appeals.

In the petition plaintiff sued in her individual capacity and made no allegation that she was acting as agent or in a representative capacity. However, attached to the petition and made a part thereof and filed therewith is a written instrument de-

nominated "House lease", wherein the following appears: "This agreement made this 7th day of July, A.D.1955, between Martha McLendon, agent, hereinafter designated as lessor, and Billy Lee Speer and Helen Speer (defendant), husband and wife, hereinafter designated as lessee * * *" The instrument is signed:

> "Martha McLendon, agent
> "Helen Speer
> "Billy Lee Speer"

There was nothing in the exhibit to indicate who owned the real estate or who plaintiff's principal might be.

The petition was filed July 2, 1957 and, on March 14, 1958, defendant filed answer and pleaded "that plaintiff is not the real party in interest, and has no legal right to maintain this action". Trial was had on April 8, 1958. In her motion for directed verdict defendant alleged that, under the law and the evidence, plaintiff failed to make a submissible issue.

█ The evidence disclosed that the dwelling house, which is the subject of the rental contract sued on, is the property of Geneva McVay; that plaintiff was acting for the owner in making the rental contract; that she collected rent under the contract and deposited the money in Geneva McVay's bank account; and that, in instituting this suit, plaintiff claims to be acting for her principal and not for herself. Plaintiff, therefore, is not the real party in interest, and cannot maintain this action in her individual capacity. Freeman v. Wilson, Mo.App., 56 S.W.2d 845, 847.

Plaintiff contends that she can maintain this action by reason of the provisions of Section 507.010 RSMo 1949, V.A.M.S. That section provides that "Every action shall be prosecuted in the name of the real party in interest, but * * * a party with whom or in whose name a contract has been made for the benefit of another, * * * may sue in his own name *in such*

*representative* capacity without joining with him the party for whose benefit the action is brought; * * *" (Emphasis ours.) Plaintiff did not sue in her representative capacity, hence this case does not fall within the provisions of the Statute in this respect.

█ The exhibit attached to the petition became a part of the pleading for all purposes. Section 509.130 RSMo 1949, V.A.M.S.; Corbin v. Hume-Sinclair Mining Co., Mo., 237 S.W.2d 81, 82. However, the exhibit cannot supply the deficiency in the petition in this case. The name of plaintiff's principal does not appear in the exhibit.

Plaintiff complains of the action of the Court in denying her motion to amend the petition at the close of her case and after the Court had indicated that it would direct a verdict for defendant. She sought to amend by including allegations to the effect that she was suing in her representative capacity as agent for Geneva McVay, the owner of the leased property and the beneficiary of the rental contract; to amend the petition to make it conform to the evidence.

If plaintiff failed to make a submissible case in any event, that is, failed to produce substantial evidence of her agency and authority to file this suit for and on behalf of Geneva McVay, then the Court did not err in denying her motion to amend. If there was *no* substantial evidence in the record on that vital issue then there was no foundation for amendment to make the pleadings conform to non-existent evidence.

Plaintiff offered in evidence her Exhibit 1, it being a letter, dated January 13, 1953, directed to her and purportedly signed by Geneva McVay. In her direct examination plaintiff stated that it was a letter which Geneva McVay gave her on January 13, 1953. Defendant objected to its admission in evidence on the grounds that

it was hearsay. The Court reserved its ruling on the objection and, subject to such reservation, the letter was admitted and read to the jury. The letter is as follows:

"Dear Martha:

"Regarding the property I am exchanging with Mr. Bohm at 7708 Walnut, Kansas City, Missouri, I want you to act as agent in the handling of it just as you have for the past several years with my other property. You may rent, lease, trade, sell, etc. as per our oral discussion.

"If the occasion arises you may file suit if necessary, and if possible I would prefer that you use your name rather than mine. As you know I am out of town most of the time.

"Sincerely,

"(Signed) Geneva McVay"

On cross examination plaintiff testified to the effect that Geneva McVay was in her office at the time, that plaintiff typed the letter on her own stationery, but that she, plaintiff, did not sign it. However, plaintiff did not state that she saw Geneva McVay sign it, or that she was familiar with Geneva McVay's signature and that the signature appearing on the instrument is that of Geneva McVay. The above constitutes all of the evidence offered on the subject.

In order to make an instrument, such as this, admissible in evidence under the Business Records Act, in any legal proceeding, there must be testimony from one or more qualified witnesses of its identity, mode of preparation, and that it was made in the regular course of business, at or near the time of the act, condition, or event, and that the sources of information, method and time of preparation were, in the opinion of the Court, such as to justify its admission. Section 490.680 RSMo 1949, V.A.M.S.; State v. Rohman, Mo., 261 S.W.2d 69, 73; Ellis v. State Department of Public Health and Welfare, 365 Mo. 614, 285 S.W.2d 634, 642. In the last mentioned case the court held that a writing, standing alone, does not constitute evidence; that it must be accompanied by competent proof of some sort from which the jury may infer that it is authentic and that it was executed by the party by whom it purports to be unless such facts are admitted by the adversary. See Cummins v. Dixon, 265 S.W.2d 386, 394–395, 47 A.L.R.2d 441.

But, in this case, the vital question is whether or not plaintiff was the agent of Geneva McVay, and whether she had authority to institute this suit for and on behalf of her principal. In order to establish that fact it was necessary that plaintiff produce substantial evidence tending to prove that the signature attached to the exhibit was, in fact, the signature of Geneva McVay. 3 Jones on Evidence, 5th Ed., page 1090; Flournoy v. Warden, 17 Mo. 435. Such evidence would have established, *prima facie,* that the date thereon is correct and that the document is genuine. Grady v. American Central Ins. Co., 60 Mo. 116, 124 et seq.; Glenn v. Grover, 3 Md. 212, 228. Substantial proof that a signature to an instrument is genuine may be made by the testimony of one who saw it placed there, or by those who know the hand writing and signature of the maker, or by experts, by comparison with the proved genuine signature of the same person. In re Work's Estate, 212 Iowa 31, 233 N.W. 28, 31. In the absence of evidence to the effect that the signature appearing on this exhibit was the genuine signature of Geneva McVay, there was no evidence to form a basis for amendment of the petition.

The judgment should be affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.