**CITY OF ST. LOUIS (Plaintiff), Respondent,**

v.

**Patrick Henry BOYLE (Defendant), Appellant.**

No. 30569.

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1961.

Motion for Rehearing or for Transfer to Supreme Court Denied March 24, 1961.

Samuel Raban, St. Louis, for appellant.

Thos. J. Neenan, City Counselor, and James J. Gallagher, Asst. City Counselor, St. Louis, for respondent.

ANDERSON, Presiding Judge.

This is an action in ejectment brought by the City of St. Louis against Patrick Henry Boyle, to recover possession of a certain area of a building owned by it commonly known as the Forest Park Field House located in Forest Park in said city. There was a verdict and judgment for plaintiff. Defendant has appealed from said judgment.

The City of St. Louis has long maintained a building commonly known as "The Field House" in Forest Park. This building has a ground floor and basement under the east half. In the building are locker rooms, custodian rooms, comfort stations, a restaurant, a golf and tennis supply store, meeting rooms, and bicycle racks. The area adjacent to the building contains handball courts, a golf course, tennis courts, a rugby field, and a parking area. Patrick Henry Boyle has been a locker holder for over 36 years. The locker rooms are located on the first floor of the building in question. Appellant is a former city employee whose services began on March 31, 1953, and were terminated August 15, 1953. When his services were terminated he was custodian at the Forest Park Field House. He has at all times had a key to the building and he therefore enters and leaves the building at his convenience though the Field House is closed to the public during certain hours.

In the basement of the building there is a partitioned area in the northeast corner thereof. This area is bounded on the south by a plasterboard partition 48 feet in length, on the west by a plasterboard partition 29 feet in length, and on the north and east by the basement walls.

At the time of the filing of this suit (May 21, 1959) and for a number of years prior thereto, defendant has kept numerous articles of personal property in this area. On cross-examination defendant testified that this property consisted of several pairs of old slacks, "maybe four"; three or four shirts; two or three pairs of underwear briefs; three or four undershirts; about four or five pairs of socks; four caps; about four jackets; three pairs of tennis shoes; several pairs of loafers; over 50 pounds of dog food; two dogs, Shadow and Pal; magazines, pens and a writing pad; a television set, radio, chair and table.

Defendant is employed by the Potter Electric Protection Service Company. His working hours are from 12:00 midnight to 8:00 o'clock in the morning. For trans-

portation to and from work, he rides a bicycle which he keeps at the Field House. Upon returning to the Field House each morning, he takes his dogs out for a run in the park. At about 10:00 or 10:30 A.M. he returns to the Field House, chains his dogs within the partitioned area, and then lies down on a rubdown table located in the partitioned area for about 5 hours sleep. He wears blinders over his eyes and plugs in his ears. He plays handball with other persons at the Field House and also goes bicycle riding in the park. In the evening, once a week, appellant turns his big dog loose in the building to look for and find anyone who may have concealed himself in the building when it is closed. The large dog is trained to warn his master by growling when someone comes into the partitioned area while he is sleeping. Defendant sometimes eats in the area in question though he takes most of his meals in the kitchen of the Potter Electric Company.

■ Appellant's first complaint is that the court erred in admitting in evidence plaintiff's Exhibit 8. This Exhibit purports to be a copy of a letter dated May 1, 1959, addressed to defendant and signed by Mrs. Edward G. Brungard, Director of Parks, Recreation and Forestry. In said letter defendant was given notice to remove his dogs and all personal belongings from the Field House basement and not to use any portion of the premises as sleeping quarters.

Appellant contends that since no notice was served upon defendant to produce the original of said letter no proper foundation was laid for the introduction of the copy. It is also urged that the copy was not admissible because plaintiff did not produce the person who wrote and signed the letter.

In order to lay a proper foundation for the introduction of the Exhibit, plaintiff placed on the stand Robert E. Solari, an employee in the Department of Parks, Recreation and Forestry. He testified that plaintiff's Exhibit 8 was a carbon copy of a letter which was prepared in Mrs. Brungard's office on May 1, 1959. He stated that he was present and assisted in the preparation of said letter; that he received the original and two copies and carried them into the next room where they were signed by Mrs. Brungard; Mrs. Brungard then handed the original and two copies to her seretary, who in turn handed the original and one copy to the witness, and that he carried the original of plaintiff's Exhibit 8 to the Field House and delivered it in person to defendant. It thus appears that a proper foundation was laid for the introduction of Exhibit 8 as a duplicate original, without a showing that the original letter was not available. The point is consequently without merit. Wenger v. Young, Mo.App., 317 S.W.2d 616.

■ Appellant next complains that the court erred in refusing "to permit the Appellant to introduce into evidence the Affidavit, Petition and Summons of prosecution of Appellant charging a violation of a City Ordinance wherein the City of St. Louis, plaintiff in the suit at bar, sought damages in Trespass against the Appellant herein grounded on possession of the same real estate and premises as that which is the subject matter of this suit at bar, * * *."

The transcript fails to show that the above named documents were ever offered by appellant. Such being the situation the point urged is without merit.

Appellant also complains that the court erred in refusing to permit appellant to introduce into evidence an alleged Affidavit of the Agent of the City in an alleged prior suit filed by said City concerning the same premises. Here again the record fails to show that appellant tendered said alleged affidavit. The point urged is without merit.

Finally it is urged that the trial court erred in refusing to direct a verdict for defendant at the close of plaintiff's case, and again at the close of the entire case "for the reason that plaintiff failed to maintain the burden, and to establish a prima facie

case, by failing to prove that they had been ousted from possession of the premises * * *."

 There is no allegation in defendant's motion for new trial that the court erred in failing to sustain said motions, therefore, the point is not preserved for review by this court. Gough v. General Box Co., Mo., 302 S.W.2d 884.

Finding no reversible error in the record, the judgment is affirmed.

RUDDY, J., not participating.

WOLFE, J., and SAM C. BLAIR, Special Judge, concurs.