Robert W. KENNEDY, Plaintiff-Respondent,

v.

BOKEN ASSOCIATES, INCORPORATED,
Defendant-Appellant.

No. 31582.

St. Louis Court of Appeals.

Missouri.

July 21, 1964.

Paul Taub, Overland, for defendant-appellant.

John T. Sluggett III, Clayton, for plaintiff-respondent.

BRADY, Commissioner.

Judgment was entered in accordance with the jury verdict in favor of the respondent,

hereinafter referred to as the "plaintiff," and against the appellant, hereinafter referred to as the "defendant," in the sum of $5,400.00 on plaintiff's cause of action and in favor of the plaintiff and against the defendant on defendant's counter claim. The defendant does not raise any allegation of error with respect to the judgment on its counter claim but appeals from the judgment for plaintiff on plaintiff's cause of action. Its allegation of error dealing with the trial court's action in improperly admitting certain evidence is determinative of this appeal, and our recitation of the factual situation will be limited to that issue.

The plaintiff was employed by the defendant as vice-president and sales representative from the time defendant began business in July, 1955 until his discharge in November of 1957. The plaintiff's petition alleged that after July, 1956 plaintiff's salary was to be $900.00 monthly, but that he received only $600.00 monthly and that the defendant owes him $5,400.00 which it has refused to pay.

The defendant was organized by the plaintiff and certain other original shareholders. The plaintiff was an original director of the defendant corporation. The present shareholders and directors and officers of the defendant are of the third generation: that is, there have been two other sets of directors, officers and shareholders since the original incorporators. It is undisputed that during the administration of the second group of officers and directors of the defendant the minute books of the corporation were stolen. The plaintiff testified that during his affiliation with the defendant and while he was a director, the officers of the defendant, all of whom were also directors, held meetings and that minutes were kept of these meetings. As has been stated, these minutes had been lost or had been stolen and were not available at the trial. The plaintiff testified that in July of 1956 at such a meeting the then president of the defendant, a Mr. Boyle who was also a director and shareholder, requested of the

plaintiff that he continue as vice-president and sales manager at a salary of $900.00 per month. Plaintiff's efforts to prove this salary of $900.00 consisted of his own testimony and his Exhibit 1. Exhibit 1 consists of four sheets of paper each containing handwritten notations and each bearing a date. The sheet dated 6/22/55 bears the handwritten notations "Boken Associates" and "Conference with M. Boyle." The sheet dated 6/30/55 is also entitled "Boken Ass." The sheet dated 9/7/55 is entitled "Meeting of stockholders" and the sheet of 8/28/56 bears the notations "Board Meeting" and "Notes on Minutes, Boken Assoc." These sheets were stapled together. The plaintiff testified that Mr. Gilmore, attorney for the defendant, was present at the meeting of July, 1956. The plaintiff introduced as his witness a Mr. McClintock who testified that he was an attorney at law formerly associated with Mr. Gilmore and that Mr. Gilmore had moved to California. His testimony was that during his association with Mr. Gilmore they represented Mr. Boyle and Boken Associates; that from the time he first became associated with Mr. Gilmore there was a file in the office containing some papers and other documents relating to defendant's business; that in response to a subpoena duces tecum he had produced the books and records which he had found in his files and which pertained to the defendant; and that in the file he found stapled together the four sheets of paper which were introduced into the evidence as plaintiff's Exhibit 1 and which had been previously referred to. Upon identifying Exhibit 1, Mr. McClintock was asked whether or not he could identify the handwriting found on the sheets of paper contained in that exhibit, and he stated that he could not. Upon that statement being made, the defendant objected to Mr. McClintock's reading from Exhibit 1. The grounds stated for that objection was that no foundation had been laid and that the document was in " * * * no way qualified as a matter of

evidence. \* \* \*" This objection was overruled and Mr. McClintock allowed to read that part of the handwritten material appearing on the fourth sheet of Exhibit 1 (dated 6/22/55) as follows: "A 'Salaries: president-treasurer', M. A. Boyle—there are two columns; one has a caption 'month'. Under that it's $200.00. Then to the right of that, a figure over which there is no caption, it says figure seven, zero, zero, zero, zero, $700.00. Next one, vice president, secretary, R. W. Kennedy. Under the column which is captioned 'month', the figure is six, zero, zero, zero; apparently $600.00. And then to the right of that is the figure nine hundred, nine, zero, zero, zero; apparently $900.00. And then V. P. J. Priesmeyer, in the first column, one, zero, zero, zero; apparently $100.00. And then to the right of that, four, zero, zero, zero; apparently $400.00. Now wait a second. Above that first column of figures there is a word above the word 'month' which appears to be 'a-c-t-u-a-l', actual; but it's not too clear. Q What was that? A 'A-c-t-u-a-l, as I read it; actual month." Upon cross-examination McClintock testified that upon that same sheet appears the words "will incorporate at a later." Upon eliciting that testimony defendant's counsel requested the court to instruct the jury to disregard "this document" on the additional ground that it was a memorandum made before incorporation and not of any meeting of the board of directors of the defendant and was therefore incompetent and inadmissible. Whereupon counsel for the plaintiff stated: "If your Honor please, the entire document, which is now separated and was bound together heretofore, indicates it's notes on the minutes of the Boken Associates Board meeting 8–28–1956." Plaintiff's counsel offered Exhibit 1 in evidence and requested leave to pass it to the jury. This was again objected to on the same grounds as stated before and on the additional grounds that there had been no testimony from any of the other three sheets contained within Exhibit 1 and that they should not be passed to the jury, even if the jury was allowed to view sheet 4 from which Mr. McClintock testified.

The plaintiff's testimony did not contain any statement that there was a resolution passed by the board of directors requesting him to stay in the defendant's employ at a salary of $900.00 a month. His testimony was that Mr. Boyle asked him to do so. His testimony did not contain any statement that Gilmore took notes at the July board meeting and neither is there any statement anywhere that it was Gilmore's duty or his custom to prepare the minutes for the corporation. Also present at the meeting of July, 1956 was a Mr. Gable who was the secretary of the defendant at the times pertinent to this case.

The defendant contends that the trial court committed prejudicial error in admitting into evidence and in permitting the jury to view plaintiff's Exhibit 1. We have not been favored with a brief by the plaintiff, but his position throughout the trial with respect to this issue was that the Exhibit 1 was secondary evidence and admissible because he had established that the primary or best evidence, the minutes of the board meeting of July, 1956 were unavailable without fault on his part.

"\* \* \* [T]he best evidence of which the case in its nature is susceptible and which is within the power of the party produce, or is capable of being produced, must always be adduced in proof of every disputed fact. Secondary evidence is never admissible unless it is made manifest that the primary evidence is unavailable, as where it is shown that it has been lost or destroyed, is beyond the jurisdiction of the court, or is in the hands of the opposite party who, on due notice, fails to produce it." Miller v. John Hancock Mutual Life Ins. Co., Mo.App., 155 S.W.2d 324; l. c. 327–328; Doniphan v. Transue, Mo. App., 226 S.W. 635; Martin v. Martinous, Mo.App., 219 S.W.2d 667; City of St. Louis v. Boyle, Mo.App., 343 S.W.2d 675; 32 C.J.S. Evidence § 823. Plaintiff's notice to defendant that it produce the origi-

nal minutes was doubtless given out of an abundance of caution since it was admitted that the original minutes were not in the possession or control of either party but had been stolen. Secondary evidence has been permitted to be introduced where the primary evidence has been lost or destroyed without the fault of the party seeking to prove the fact in cases involving books and records of a corporation. 32 C.J.S. Evidence § 826. Before secondary evidence is admissible, it was incumbent upon the plaintiff to establish the fact that the original minutes of the corporation had been lost or stolen or to give the reason why they were unavailable. The burden of such proof rested upon him as the party seeking admission of the secondary evidence. 32 C.J.S. Evidence §§ 837, 838. In this case this fact was admitted, and so the burden was easily borne.

It follows from what has been above stated that the plaintiff did establish this as a case where secondary evidence could have been admitted. However, that does not decide the issue presented by this appeal. As might be expected from its admission that the original records of the corporation had been stolen, defendant always recognized the situation as one where secondary evidence might be expected to prove the plaintiff's right to recover the additional $300.00 per month. Defendant's position at the trial and before this court is that the secondary evidence must conform to the rules of evidence just as primary evidence, Scrivner v. American Car & Foundry Co., 330 Mo. 408, 50 S.W.2d 1001, and that the secondary evidence here offered, Exhibit 1, was not properly admissible for this reason.

■■ There are several reasons why we think defendant's contention should be sustained and the trial court should have excluded Exhibit 1 for evidence. In the first place the exhibit consisted of four sheets of paper. McClintock testified from the last of these. That sheet bears the date of June 22, 1955 and the notation "Con-ference with M. Boyle." The plaintiff's own pleading and testimony was that the defendant corporation came into being and began business in July of 1955. When this fact is considered along with the notation "Conference with M. Boyle," this part of Exhibit 1 cannot be said to be pertinent to the issue of whether the corporation raised plaintiff's salary $300.00 in July of 1956. Another reason Exhibit 1 should have been excluded is that the plaintiff's counsel was incorrect in his statement that " * * * the entire document, which is now separated and was bound together heretofore, indicates it's notes on the minutes of the Boken Associates Board meeting of 8–28–1956." As stated earlier herein each of these four sheets of paper, while stapled together, bore separate dates and separate notations thereon. The notations appearing on the fourth sheet are referred to above. The third sheet bore the date "6/30/55" and the notation "Boken Ass." The second sheet bore the date "9/7/55" and the notation "Meeting of stockholders." Only the first sheet bears the date of "8/28/56" and the notations "Board Meeting" and "Notes on Minutes Boken Assoc." Under these circumstances it is incorrect to state that all four sheets refer to the board meeting of 8/28/56. That is true only of the first sheet of Exhibit 1, and that sheet contains absolutely nothing, in words or figures, bearing on the issue of salary to be paid to plaintiff or to any officer. Moreover, it is well recognized that officers and directors of a corporation cannot recover compensation for their services whether those services are rendered as directors or officers unless such compensation is provided for in the charter or authorized by the by-laws of the corporation (neither contention is advanced in the instant case) or is provided for by resolution of the board of directors. Moon Motor Car Co. v. Moon, CCA Mo., 58 F.2d 90; 8 Mo. Digest, Corporations, ⬳308(1). Ferrenbach v. Edward Fehlig & Co., Mo.App., 80 S.W.2d 705, 1. c. 707. Since the other three sheets of Exhibit 1 state on their face they do not deal with

a meeting of defendant's board of directors, they obviously cannot constitute evidence material to the issue of whether the plaintiff was entitled to receive the additional $300.00 monthly salary. They should not have been admitted into evidence.

 The plaintiff's position, as shown from the statement made to the trial court as set out earlier herein with regard to this exhibit being found in a file kept in the regular course of business, would seem to be that Exhibit 1 was admissible under the Uniform Business Records as Evidence Act; see Sec. 490.680, RSMo 1959, V.A. M.S. That contention is without merit. In order to render an instrument admissible in evidence under that act there must be testimony from one or more qualified witnesses of its identity, mode of preparation, and that it was made in the regular course of business, at or near time of the act, condition, or event in evidence, and that the sources of information, method and time of preparation were such as to justify its admission. McLendon v. Leighty, Mo. App., 320 S.W.2d 735. Even if we assume, and we do not so hold, that these notes can be said to have been taken in the regular course of business, it is evident that Exhibit 1 is not admissible. This for the reason that the record does not disclose any evidence bearing upon any of the other requirements stated in McLendon v. Leighty, supra.

The judgment should be reversed and the cause remanded. The Commissioner so recommends.

PER CURIAM:

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is reversed and the cause remanded.

WOLFE, Acting P. J., ANDERSON, J., and R. KENNETH ELLIOTT, Special Judge, concur.

RUDDY, J., not participating.