**Terry LaMonte BALLE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55761.**

Supreme Court of Missouri, Division No. 2.

June 14, 1971.

Robert J. Cooney, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

This is an appeal from the denial, after evidentiary hearing, of a motion pursuant to Criminal Rule 27.26, V.A.M.R., to vacate and set aside a judgment of conviction and sentence to imprisonment for a term of five years for robbery by means of a deadly and dangerous weapon. Upon appeal that judgment was affirmed. State v. Balle, Mo., 442 S.W.2d 35.

Seven points are presented in appellant's brief, the first four of which pertain to alleged error of the trial court in refusing to strike testimony of in-court identification of appellant as the robber. It is contended that the in-court identifications by witnesses Gerstein and Perkins "were tainted by an illegal and unconstitutional lineup" in that (1) it was conducted without the presence of counsel for appellant; (2) counsel was not appointed to represent appellant at the lineup and he was incapable of making an intelligent waiver of counsel; (3) the lineup was unfair because it was "conducted under unusual and highly prejudicial circumstances" and was unduly suggestive and

conducive to irreparable mistaken identification; and (4) the in-court identifications "were made without sufficient foundation" because an identification of appellant by use of photographs and the opportunity to observe appellant at the time of the robbery did not constitute an adequate foundation.

In the previous appeal on the merits appellant challenged the lineup procedure and the admission in evidence of the in-court identifications for the precise reasons now advanced, and this court, after reviewing the evidence, ruled that "Under the facts of this case, clearly shown by the record, there is no merit in defendant's attacks upon the lineup procedure and the in-court identification of defendant by witnesses Gerstein and Miss Perkins." The basis for that ruling is set out in detail in the opinion.

In Gailes v. State, Mo., 454 S.W.2d 561, this court held that "where an issue is raised and decided on direct appeal the defendant cannot obtain another review thereof in a 27.26 proceeding." Subsection (b) (3) of Rule 27.26 provides that a "proceeding under this Rule ordinarily cannot be used as a substitute for direct appeal invoking mere trial errors or as a substitute for a second appeal. Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal." It was stated in the Gailes case that although the rule provides that errors affecting constitutional rights may be raised even though such could have been raised on appeal, the purpose of that provision is to provide a review of constitutional issues where such were not reviewed on appeal. See also Caffey v. State, Mo., 467 S.W.2d 857.

This court has previously reviewed on direct appeal the issues now presented, and it declines to provide a second review of the same issues.

Appellant's remaining three points are that the trial court erred in refusing to vacate the judgment and sentence because without the tainted in-court identification there was insufficient evidence (1) "on which to base a verdict of guilty" or (2) "to sustain a conviction," and (3) the court erred in refusing to order the prosecutor to produce certain documentary evidence consisting of the vital statistics of the other two persons in the lineup.

In the previous appeal it was ruled that the in-court identifications were proper, and that submissible case was made. It was also held that "the trial court did not err in refusing the request for the production of the records of Fudge and Strong," the two persons who were in the lineup with appellant. For the reasons above set forth we decline to again review these issues in this postconviction proceeding.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.