**Eugene Robert TUCKER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57143.**

Supreme Court of Missouri, Division No. 2.

July 17, 1972.

James F. DeNeen, Joplin, for appellant.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Eugene Robert Tucker has appealed from the order of the Circuit Court of Jasper County overruling his motion pursuant to Rule 27.26, V.A.M.R. We affirm.

Appellant was found guilty by a jury of first degree robbery and the jury assessed punishment at imprisonment for a term of fourteen years and one day. No motion for new trial was filed and no appeal taken.

Appellant's first point is that his court-appointed trial counsel was ineffective in that he was "inexperienced in criminal trials and incorrectly advised appellant that

filing a motion for new trial could get appellant a more severe sentence."

Appellant's counsel had previously practiced law in Dallas, Texas, and Little Rock, Arkansas. At the time of trial he was a practicing attorney in Joplin, Missouri. He had been appointed as defense counsel in approximately a dozen cases. His practice, other than by appointment, consisted primarily of civil work, and included the trial of cases. The trial court, who had witnessed the conduct of appellant's trial, made an extensive review of the facts and concluded: "This case was carefully prepared and well tried by Mr. Dermott and defendant's rights were carefully and fully protected to an extent far exceeding the standards set out in the opinion in Jackson v. State, [Mo.], 465 S. W.2d 642." We note that appellant stated at the time of allocution that he had no complaint as to the services of his counsel.

■ Lack of previous experience in the trial of criminal cases, as distinguished from civil cases, does not, standing alone, demonstrate ineffectiveness of counsel, and appellant points to nothing in his point to support his assertion other than that a motion for new trial was not filed. Appellant testified at the hearing on the motion pursuant to Rule 27.26 that his counsel advised him that if a motion for new trial was filed he would "receive more time." His counsel testified that he advised appellant that in his professional judgment there was no reversible error in the trial, but that if a new trial was obtained there would be the risk of a more severe sentence if appellant was found guilty. Appellant argues that by reason of the rule announced in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, a more severe punishment could not have been imposed on a second trial, and that the advice of his counsel demonstrates ineffectiveness of counsel in the constitutional sense. First, appellant admits that the Pearce case was decided subsequent to his trial, and that the advice was correct when given. See Spidle v. State, Mo., 446 S.W.2d 793. Second,

as stated in the Spidle case, North Carolina v. Pearce "dealt with constitutional limitations upon the imposition by a judge of a more severe sentence upon a defendant after a new trial," and that when the second sentence is imposed by a jury without knowledge of the prior trial, "considerations found to require the result reached in Pearce are not applicable." Although not directly in point, see Colten v. Kentucky, (decided June 12, 1972) 405 U.S. ——, 92 S.Ct. 1953, 32 L.Ed. ——. Ineffectiveness of counsel cannot result from the giving of correct advice.

■ Although not set forth in his motion in support of his assertion of ineffectiveness of counsel, appellant testified that in his opinion his counsel should have "pressed that illegal search and seizure," that he should have challenged the sentence of fourteen years and one day, and that in support of his motion for a change of venue his counsel should have presented evidence that at about the time of the robbery of which he was charged, a policeman had been killed in Joplin. In the argument under the first point no mention is made of these contentions. We note that subsequent points in appellant's brief pertain to these matters, and they will subsequently be discussed. In any event, these matters pertain only to trial strategy and do not form the basis for a finding of ineffectiveness of counsel in the constitutional sense. The trial court's finding of effective representation is not clearly erroneous.

Appellant's second point is that he was "denied access to law material and in particular a copy of the Constitution of the United States and of Missouri and access to a legal library."

The only evidence in support of this contention is the testimony of appellant in reference to what actions, other than those taken by his counsel, he thought could have been taken. Appellant testified that "He [counsel] could have also gave me a copy of the Constitution of Missouri, also a copy of the Constitution of the United

States of America, which was denied me." He further testified that he requested copies of the constitutions in "front of the judge" and that the judge told him that he would see that he obtained copies. He also testified that he "requested access to the legal library for my own case."

█ If there were merit to this contention it would present the unique situation where legally educated and trained counsel must be appointed to represent an indigent accused, but the untrained and uneducated, as to legal matters, accused must be furnished a law library to prepare his own case independent of his counsel. We need not determine to what extent an accused awaiting trial and in confinement must be afforded access to available legal material, or to what extent he must be permitted to acquire his own material. The only evidence of any request was appellant's testimony, which the trial court was not required to believe, and if a request was made as testified to by appellant it would have been of record, but the record does not show any such request. Under these circumstances it is sufficient for the determination of this point to rule that the finding of the trial court that appellant was not denied access to law material is not clearly erroneous.

Appellant's third point is that the trial court "erred in denying appellant a change of venue from Jasper County because the inhabitants of Jasper County were bias[ed] and prejudice[d]."

█ This was a matter subject to correction on appeal if the denial of a change of venue was erroneous, but no appeal was taken, and a motion pursuant to Rule 27.26 is not to serve as a substitute for an appeal, at least on matters not of constitutional dimensions. In addition, at trial the court ruled that the basis for the motion for a change of venue was not proved, and in its findings on the 27.26 motion the court again so found. That finding is not clearly erroneous.

█

The above three grounds. are all that were set forth in appellant's motion pursuant to Rule 27.26. However, in its findings of fact and conclusions of law the trial court mentioned that in appellant's oral testimony and in a letter or memorandum from appellant which was filed with the court after the hearing on the motion, he made other and additional complaints. The court then stated that it had "tried to deal with each contention as though it were contained in the motion." We shall consider the following contentions which are presented in points of appellant's brief, and which were ruled by the trial court, on the same basis as did the trial court; as though they were contained in the motion.

█ Appellant asserts that the sentence of fourteen years and one day is illegal because it consists of two sentences, and he must serve the fourteen years before he can start serving the one day sentence. No authority is cited in support of this contention, and it is not correct. There was, and could be, only one sentence for the offense of which appellant was found guilty. In State v. Turner, Mo., 123 S.W.2d 105, a sentence of three years and one day was held not to be illegal, though unusual. Appellant asks, in argument, that we. "rule that he is eligible for parole so that the Probation and Parole Board will not deny him a parole on the basis of his unusual sentence." There is nothing to indicate that a parole has been denied for this reason, and such requested action is not within the scope of Rule 27.26. The trial court's finding that the sentence was not illegal is correct.

█ Appellant asserts that the showing of photographs to witnesses for identification purposes "without presence of appellant's counsel violated his constitutional rights to have the assistance of counsel at all critical stages of trial." Appellant cites and relies on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, but that case does not require the presence of counsel when photographs are viewed

for purpose of identification. In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, the court held: "[E]ach case must be considered on its own facts, and * * * convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Appellant presented no evidence tending to show that the viewing of the photographs was suggestive. We note that the identifying witnesses testified that they observed appellant at the scene of the robbery. He was also identified by a highway patrolman who stopped an automobile in which appellant was riding and in which the fruits of the robbery were found. The trial court found that the photograph identification was independent of and did not taint the in-court identification, and that finding is not clearly erroneous.

■ At the hearing on the motion appellant was asked if there was anything else he cared to say, and he replied that he understood that his appointed counsel for the motion pursuant to Rule 27.26 was the prosecutor for the City of Joplin, and that it was illegal for him to represent appellant at the hearing on the motion. The trial court found that as city prosecutor the appointed counsel had no connection with the Jasper County prosecuting attorney's office which represented the State at the hearing on appellant's motion, and that there was no conflict of interest. This was correct. See State v. Hamblin, Mo., 448 S.W.2d 603.

Appellant next contends that the jury verdict was not unanimous, apparently because prior to returning its verdict, and while in the courtroom, one juror stated that he had not then agreed to a verdict. However, the jury subsequently returned a verdict of guilty, and when polled each juror in open court affirmatively stated that the verdict of guilty was his verdict. The record shows a unanimous verdict, and the trial court correctly so found.

■ Appellant testified that he had hepatitis during the trial, and that his illness was a matter of record made by the doctor at the county jail. The doctor was not called and no record was offered in evidence. Appellant's trial counsel testified that he did not recall that appellant appeared to be ill, but instead he appeared to be mentally alert during the trial. No complaint was made by appellant to the court that he was ill. The trial court's finding that the alleged illness, if any, of appellant did not prejudice him in the trial of his case is not clearly erroneous.

Appellant's last point is that the motion to suppress a gun as evidence should have been sustained because it was seized during an illegal search.

■ A motion to suppress was made prior to trial, a hearing was held, and the motion was overruled. If this was error it was subject to correction on appeal, but no appeal was taken. Although appellant is not entitled to use a motion pursuant to Rule 27.26 to obtain a review of trial errors correctible on appeal, we note that appellant and two companions were arrested after the arresting officer had been notified of a robbery, and the description of robbers fitted the occupants of the automobile, and the automobile fitted the description of the automobile in which the robbers left the scene. As an incident of the arrest, the occupants were searched for weapons. One was wearing a gun in a shoulder holster, and another gun was on the front seat of the automobile in plain sight. Appellant was wearing an empty shoulder holster, but a gun was found on the front seat under the same clothing. The court found that the arresting officer had reasonable grounds to believe that a robbery had been committed, that appellant and his companions had committed that robbery, that the arrest was lawful, and

that the search which revealed the guns was a reasonable incident to the arrest. This finding is not clearly erroneous.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.