**STATE of Missouri, Respondent,**

v.

**Robert BROWNRIDGE, Jr., Appellant.**

**No. 35288.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 19, 1974.

J. Leonard Kline, Clayton, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas J. Kavanaugh, Jr., Asst. Circuit Atty., St. Louis, for respondent.

WEIER, Judge.

Movant Brownridge sought to vacate the judgment and sentence imposed against him by a collateral attack under Rule 27.26, V.A.M.R. In 1960, movant was sentenced to ninety-nine years' imprisonment following a verdict and judgment determining that he was guilty of forcible rape. His appeal from this judgment was affirmed by the Missouri Supreme Court on February 12, 1962. State v. Brownridge, 353 S. W.2d 715 (Mo.1962). After this first decision, the judgment affirming the conviction was set aside in order to enable appellant to be represented by counsel on his appeal. On November 9, 1970, the judgment was again affirmed. State v. Brownridge, 459 S.W.2d 317 (Mo.1970).

In his motion to vacate judgment and sentence under Rule 27.26, movant raised five grounds for setting aside the conviction. He has preserved four of these on appeal. They are: (1) the admission of evidence which was obtained upon an illegal search and seizure; (2) the failure to hold that the ninety-nine year sentence constituted cruel and unusual punishment; (3) the denial of a fair and impartial trial by means of an illegally impaneled jury; and (4) ineffective assistance of counsel.

The first three grounds are issues raised in movant's previous appeals.

There, these issues were decided against movant. Rule 27.26(b)(3) provides: "A proceeding under this Rule ordinarily cannot be used as a substitute for a direct appeal involving mere trial errors or as a substitute for a second appeal." It is true, however, that under this rule trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal. But where those issues were submitted to the court and ruled on in the direct appeal, a second review of the same issues will not be permitted in the collateral proceeding under Rule 27.26. Balle v. State, 467 S.W.2d 888, 889[1] (Mo.1971). The movant has already been heard on these three issues, and they do not require additional consideration.

■ With respect to his allegation of ineffective assistance of counsel, movant refers to testimony given at the evidentiary hearing in the court below concerning Mr. Joe Moore who was appointed to defend him. He related that Mr. Moore told the movant that he, Moore, had handled civil cases primarily, but had represented a defendant charged with rape who pleaded guilty and was sentenced to ten years' imprisonment. Movant further testified that Mr. Moore visited him only once in City Jail for approximately 30 to 45 minutes and advised movant to plead guilty, but the movant refused. Portions of the trial transcript were read to demonstrate that Mr. Moore failed to make timely objections and motions; allowed the jury to be chosen without objection to composition of the panel; permitted evidence to be introduced without objection; and failed to preserve errors in the motion for new trial. Mr. Moore was not available and did not testify at the motion hearing. At its conclusion, the trial court determined that Mr. Moore did render effective assistance as counsel to movant at the trial of his case, and found all issues against the movant. Under Rule 27.26, the findings of the trial court are presumably correct and should be sustained unless clearly erroneous. In this connection the trial court is best able to pass on the credibility of the witnesses. Crosswhite v. State, 426 S.W.2d 67, 70, 71[1, 2] (Mo.1968). In such a proceeding movant has the burden of establishing grounds for relief by a preponderance of the evidence. Beach v. State, 488 S.W.2d 652, 656[10] (Mo.1972).

■ Movant's first contention, that his representation by Moore was inadequate, is grounded upon Moore's lack of previous criminal experience. But lack of previous experience in the trial of criminal cases, as distinguished from civil cases, does not, in and of itself, demonstrate ineffectiveness of counsel. Tucker v. State, 482 S.W.2d 454, 456[1] (Mo.1972).

■ Movant's argument then concerns itself with the failure of Moore to object "at critical points commencing with the jury panel and throughout the trial to preserve the constitutional rights of his client." But failure to make objections does not necessarily demonstrate inadequate assistance. McQueen v. State, 475 S.W.2d 111, 115[2] (Mo. banc 1971).

■ Movant refers to the failure to file a motion to suppress. As to pretrial motions, including motions to suppress, however, the question as to whether it would have been to appellant's greater advantage to file motions at certain times is a matter of judgment based upon knowledge of the facts and trial decisions of counsel. It is a well established rule that an appellate court will not review or reassess by hindsight the judgment of defense counsel on questions of strategy, trial tactics, or trial decisions. Cheek v. State, 459 S.W.2d 278, 280[2] (Mo.1970).

■ In proceedings challenging the adequacy of representation by counsel, we have said: "The ultimate test is whether the efforts and representation of the attorney have reached a level of adequacy so that the defendant has had a 'fair trial' * * *." Hall v. State, 496 S.W.2d 300, 303[3] (Mo.App.1973). Our review of the record and the contentions on appeal cause

us to believe that movant's representation met this test.

The judgment is affirmed.

DOWD, C. J., and SIMEONE and KELLY, JJ., concur.