**James Farmer LEWIS, Defendant-Appellant,**

v.

**STATE of Missouri, Plaintiff-Respondent.**

**Nos. 35556, 35557.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 27, 1974.

 

McQuie & Deiter, Daniel W. Deiter, Montgomery City, for defendant-appellant.

James G. Gregory, Pros. Atty., Montgomery City, for plaintiff-respondent.

GUNN, Judge.

Defendant appeals the denial by the Montgomery County Circuit Court of his petition for post conviction relief under Supreme Court Rule 27.26, V.A.M.R. In two separate trials, defendant was charged with and convicted of burglary and stealing. In one case, punishment was assessed six years for burglary and four years for stealing. In the second case, punishment of five years for burglary and two years for stealing was imposed, with the sentences to run concurrently. The convictions were appealed and affirmed. State v. Lewis, 482 S.W.2d 432 (Mo.1972); State v. Lewis, 482 S.W.2d 436 (Mo.1972).

The facts of the cases are detailed in the reported opinions of defendant's appeals of convictions. In brief, the cases against defendant were brought as a result of burglaries of two dwellings and the theft from them of certain items of personal property. One of the burglary victims, with his two brothers, captured defendant on the night after the burglary in a nearby woods where defendant was seeking to retrieve a television set which had been stolen in one of the burglaries and hidden by the burglar. The police were summoned, took defendant into custody and searched his car, which was parked on a side road about one-eighth mile away from the woods where defendant was apprehended. The car search disclosed four automobile titles and two fishing rods and reels taken from the dwellings of the burglary victims and two pairs of gloves and a screwdriver.

A hitchhiker, who had been picked up by the defendant earlier in the evening and who was with defendant when he was captured in the woods, testified for the State. The hitchhiker's testimony was that defendant had said that the reason for going into the woods was to pick up a television

set and some pistols which defendant had earlier stolen. At trial, the items taken from the car were introduced. Defendant's trial counsel objected to the introduction of the gloves and screwdriver as irrelevant and to the introduction of duplicates of the car titles as not the best evidence. No objection was made to the receipt in evidence of the fishing rods and reels.

Defendant's defense to being in the woods looking for a television set was that he had been paid $50 to pickup the t. v. set by a person who had possession of defendant's car during the time that the burglaries occurred; that the defendant did not have knowledge that the television set was stolen. The circuit court, without hearing, sustained the State's motion to dismiss defendant's Rule 27.26 motion, and defendant appealed.

The major thrust of defendant's 27.26 motion is directed at the failure of his counsel to move to suppress the items seized from the defendant's automobile on the grounds of unlawful search and seizure. Defendant argues that without those items in evidence, the State had no submissible case against defendant; that defendant was thereby denied effective assistance of counsel.

■ The validity of a search and seizure is not a proper matter for consideration in a Rule 27.26 proceeding. Brodkowicz v. State, 474 S.W.2d 822 (Mo.1972); State v. Caffey, 457 S.W.2d 657 (Mo. 1970). Nor do we need determine whether a motion to suppress would have been granted or denied. State v. Worley, 371 S.W.2d 221 (Mo.1963).

While defendant asserts that it is apparent that without the exhibits the State had no case, the Supreme Court found otherwise on the appeals from the convictions. In State v. Lewis, supra, the court said l.c. 434:

"This case, to a substantial degree, was based on circumstantial evidence, but it does not rest solely on the inference authorized by reason of possession of re-

cently stolen property. The jury could take into consideration that appellant parked his automobile over one-eighth of a mile from where he entered the woods, that he entered the woods near midnight and went directly to the place where the television set had been found, that he had possession of some of the property stolen in the burglary, that he admitted to Gary [hitchhiker] that he had stolen the television set, and that he made inconsistent statements concerning his reason for entering the woods. When these facts and circumstances are considered with the facts of the burglary, and the items which were stolen, they authorized a finding by the jury that appellant was the one who burglarized the Strube mobile home and stole the property therefrom. Possession of the stolen property was but one of the circumstances; the case did not rest on that fact alone."

Therefore, as noted from the foregoing, defendant had substantially more to overcome than the discovery of certain items in his car. It was a matter of trial strategy for defendant to defend his case on the grounds that some other person had taken possession of his car; that such person had the opportunity to commit the burglaries, hide the t. v. set and leave evidence in defendant's car. It is not our function to review or second guess the strategy of the trial counsel. In State v. Brownridge, 506 S.W.2d 466 (Mo.App.1974), Judge Weier, speaking for this court said, l.c. 468:

"As to pretrial motions, including motions to suppress, however, the question as to whether it would have been to appellant's greater advantage to file motions at certain times is a matter of judgment based upon knowledge of the facts and trial decisions of counsel. It is a well established rule that an appellate court will not review or reassess by hindsight the judgment of defense counsel on questions of strategy, trial tactics, or trial decisions."

■ The fact that defendant's trial attorney did not file a motion to suppress

certain evidence does not of itself constitute incompetency justifying reversal of conviction. State v. Caffey, supra. Defendant is charged with a heavy burden to prove that he received ineffective assistance of counsel. Further, trial counsel has broad latitude in conducting the defense, and mere errors, omissions or mistakes do not constitute ineffective representation. Lahmann v. State, 509 S.W.2d 791 (Mo.App.1974); Brown v. State, 495 S.W.2d 690 (Mo.App.1973).[1]

■ In this case, defendant's trial counsel raised objections to certain of the evidence in question, argued against its admission and preserved his objections in a motion for new trial. There is also clear indication that part of the trial strategy was to connect another person who had possession of defendant's car to the theft of the television set hidden in the woods. We do not challenge that trial strategy nor can we find that defendant was denied a fair trial for reason of lack of effective trial counsel. See McQueen v. State, 475 S.W.2d 111, 116 (Mo.banc 1971) (concurring opinion); State v. Brownridge, supra.

Defendant also complains that his trial counsel failed to ascertain whether defendant understood the Miranda warnings given to him by police authorities prior to his giving of a statement. Our review of the record fails to show any lack of understanding of the warnings by defendant and inquiry into that issue would have served no useful purpose.

■ Finally, defendant urges that the trial court erred in failing to hold an evidentiary hearing on his motion and failing to make findings of fact and conclusions of law. We find that the transcript of the proceedings conclusively shows that appellant is entitled to no relief, and, therefore, there was no error in failing to conduct an evidentiary hearing, Rule 27.26(e); Smith v. State, 513 S.W.2d 407 (Mo.banc filed July 22, 1974); Pauley v. State, 487 S.W.2d 565 (Mo.1972). The State's motion to dismiss defendant's 27.26 motion contains ample statements of fact and law in support thereof. The action of the trial court in sustaining the State's motion to dismiss was equivalent to the required findings and conclusions according to the grounds contained in the motion, and there was no need for further findings or conclusions. Smith v. State, supra; Ivy v. State, 509 S.W.2d 148 (Mo.App.1974).

The judgment is affirmed.

SMITH, P. J., and CLEMENS and McMILLIAN, JJ., concur.

[1]. Brown v. State, supra, contains an excellent and thorough treatment of the law concerning the defense of ineffective counsel.