**Alphonso HUDSON, Movant, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 36018.**

Missouri Court of Appeals,
St. Louis District,
Division 1.

May 6, 1975.

Motion for Rehearing or to Transfer to Supreme Court Denied June 12, 1975.

Application to Transfer Denied July 14, 1975.

Charles Kitchin, Public Defender, Joseph W. Warzycki, J. A. Roche, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Julian Cosentino, Asst. Circuit Atty., St. Louis, for respondent.

WEIER, Presiding Judge.

Movant appeals from the denial of his motion pursuant to Rule 27.26 V.A.M.R., to set aside and vacate his conviction and sentence for robbery in the first degree by means of a dangerous and deadly weapon. For a review of defendant's convictions see: State v. Hudson, 478 S.W.2d 281 (Mo.1972);

State v. Hudson, 491 S.W.2d 1 (Mo.App. 1973).

■ Movant alleges here that he was denied his constitutional right to effective assistance of counsel because his attorney failed to preserve and to argue a certain issue on appeal. The ultimate test in determining the adequacy of legal representation is whether the efforts of counsel have reached a level so that a defendant has had a fair trial. Hall v. State, 496 S.W.2d 300, 303[3] (Mo.App.1973). It is a well-established principle that we will not review or reassess by hindsight the judgment of defense counsel on questions of strategy, trial tactics, or trial decisions. State v. Brownridge, 506 S.W.2d 466, 468[6] (Mo.App.1974). Possible errors of judgment do not support a claim of ineffective legal assistance.

We have reviewed this record. The trial court's findings of fact are not clearly erroneous and are supported by the evidence. No error of law appears. Further discussion of the facts and law would be of no precedential value. Accordingly, the order denying the post-conviction motion under Rule 27.26 is affirmed in compliance with Rule 84.16(b).

DOWD and RENDLEN, JJ., concur.