**Julian R. GREEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 29608.**

Missouri Court of Appeals,
Kansas City District.

Dec. 27, 1978.

Richard C. Arndt, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., S. Dana Stiebel, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

Defendant was convicted of first degree robbery, and that conviction was affirmed by this court in *State v. Green*, 534 S.W.2d

600 (Mo.App.1976). Defendant then filed a motion to set aside the conviction under Rule 27.26, which was overruled by the trial court. That ruling is the subject of the present appeal.

■ Defendant presents two points: (1) that his trial counsel gave him ineffective assistance, in that his counsel failed to impeach one of the State's witnesses by cross-examining that witness with respect to a prior statement which was inconsistent with his trial testimony in one minor respect; and (2) that the prosecutor was guilty of misconduct in failing to point out to defense counsel the testimonial inconsistency to which reference has just been made.

Our cases are replete with holdings that the court should not review or reassess by hindsight the judgment of trial counsel on questions of strategy, trial tactics or trial decisions, *Hudson v. State*, 524 S.W.2d 62 (Mo.App.1975); and that mere errors, omissions or mistakes do not constitute ineffective representation of counsel, *Lewis v. State*, 513 S.W.2d 772 (Mo.App.1974). Specifically applicable to the present case, it has been held that failure by defense counsel to impeach a State witness by a prior contradictory statement constitutes only a choice of trial technique which was "well within the broad latitude given in conducting a defense." *Haynes v. State*, 534 S.W.2d 552, 556 (Mo.App.1976); *Jackson v. State*, 540 S.W.2d 616 (Mo.App.1976); see also *State v. Turner*, 353 S.W.2d 602, 605 (Mo.1962).

Nor is there any merit in defendant's complaint of alleged prosecutorial misconduct. A prosecutor, of course, may not knowingly suppress material evidence favorable to the accused. *Brady v. State of Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Lee v. State*, 573 S.W.2d 131 (1978). But here, the prior contradictory statement was made available by the prosecutor to defense counsel, and defendant does not even contend to the contrary. Rather, he contends that the prose-

cutor must go even further and instruct defense counsel as to the significance and potential usefulness of each piece of evidence in the prosecutor's file. Defendant has cited no case suggesting the existence of such a duty, and we know of none.

Any further discussion of the facts and law in this case would have no precedential value, the judgment of the trial court is based on findings of fact which are not clearly erroneous, and the judgment is therefore affirmed under Rule 84.16(b).

All concur.