**J.L. SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 45948.**

Missouri Court of Appeals,
Eastern District, Division Three.

March 8, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

Application to Transfer Denied
June 30, 1983.

Gary L. Robbins, Jackson, for appellant.

Kristie Green, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Jefferson City, Stephen N. Limbaugh, Cape Girardeau, for respondent.

CRIST, Judge.

Rule 27.26 motion dismissed without evidentiary hearing. We affirm.

■ Movant pled guilty to assault in the first degree and assault in the second degree on April 3, 1981. Appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.-26(j). In order to qualify for an evidentiary hearing, movant must meet three requirements: (1) The motion must allege facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice to the defendant. *Kearns v. State*, 583 S.W.2d 748, 750 (Mo.App.1979).

■ Movant alleged his appointed counsel was also the Assistant City Attorney for the City of Jackson, Missouri, and since it was in Jackson that movant's trial was held, his counsel had a conflict of interest which rendered counsel's representation inadequate and his assistance ineffective. Movant pled no facts entitling him to relief. *See, Tucker v. State*, 482 S.W.2d 454, 458 (Mo.1972).

Movant said his guilty plea was not voluntary or was not. made with understanding, for two reasons: (1) Movant believed he would be allowed to explain to the

judge why he shot Mr. Jenkins; and (2) the prosecuting attorney, off the record, asked the judge not to ask movant why he shot Mr. Jenkins because movant had just admitted committing the crime. Again, movant fails to allege facts entitling him to relief, and his statements are refuted by the record. The record of the guilty plea hearing shows movant's plea was voluntarily and knowingly made. *See, Thomas v. State,* 605 S.W.2d 792, 794 (Mo.banc 1980).

Finally, movant complains about the trial judge not making findings of fact with reference to his complaint that he was convicted without due process of law because the trial court failed to inquire as to the elements involved in the commission of the offense and by reason of the appointment of the Assistant City Attorney. Such facts do not entitle him to relief. This allegation is merely a rehash of the others, and even if the trial judge did not make findings of fact on this allegation, sending the matter back to the trial court for that purpose would be a needless procedure because that trial court would not order an evidentiary hearing on such allegation.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.