**Nicky HARDING, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56044.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 13, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant seeks to vacate his December, 1985 convictions, following a jury trial, for kidnapping, § 565.110, RSMo 1978; sexual abuse in the first degree, § 566.100, RSMo 1988; robbery first degree, § 569.020, RSMo 1978; and armed criminal action, § 571.015, RSMo 1978. These convictions were affirmed on appeal. *State v. Harding*, 734 S.W.2d 871 (Mo.App.1987).

Movant asserts the denial of his Rule 27.26 motion was clearly erroneous on two points, both grounded in ineffectiveness of his trial counsel. Movant first asserts his trial counsel was ineffective in failing to preserve the issue of whether the State used peremptory challenges to exclude blacks from the jury solely on account of their race, as prohibited by *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Movant contends he was prejudiced by counsel's ineffectiveness because the prosecution's use of peremptory challenges resulted in a *prima facie* denial of equal protection.

While movant's trial, held December 9 and 10, 1985, was five months before the Supreme Court's ruling in *Batson v. Kentucky, Batson* was retroactively applicable to movant's case as it was pending direct review at the time *Batson* was decided. *See Griffith v. Kentucky*, 479 U.S. 314, 327–28, 107 S.Ct. 708, 716, 93 L.Ed.2d 649, 661–62 (1987). On direct appeal, this court recognized *Batson* was applicable to movant's trial, however, found the issue was not preserved for review. *State v. Harding* at 876–877[12].

■ Although *Batson* was retroactively applicable to movant's trial, at the time of the trial the striking of potential black jurors in a particular case was not a denial of equal protection. To prove the State's use of peremptory challenges to remove potential black jurors reached the level of a constitutional violation, evidence of a pattern of exclusion over a period of time was required. *See Swain v. Alabama*, 380 U.S. 202, 221, 85 S.Ct. 824, 836, 13 L.Ed.2d 759 (1965). Movant's trial counsel was accountable for knowledge of the state of the law at the time of the trial; he was not ineffective for failing to anticipate the change in the law resulting from *Batson*, and to object and preserve what might have been error if the trial had occurred on some future date. *Richardson v. State*, 752 S.W.2d 919, 922–923[8] (Mo.App.1988); *Foster v. State*, 748 S.W.2d 903, 909–910[10] (Mo.App.1988); *see also Felton v. State*, 753 S.W.2d 34, 35 [2, 3] (Mo.App. 1988); *Lawrence v. State*, 750 S.W.2d 505, 507[2] (Mo.App.1988); *Scott v. State*, 741 S.W.2d 692, 693[2] (Mo.App.1987). Point denied.

■ Movant also asserts his trial counsel was ineffective for failing to poll the jury because one of the jurors would have stated the verdict was not hers.

At trial, the jury was correctly instructed their verdict must be unanimous. They retired for deliberations, returning forty-six minutes later. The court asked the jury if it had reached a verdict. Several of the jurors indicated in the affirmative they had. The court then asked defense counsel if he would like the jury polled, which he declined. The defendant (movant) was removed from the courtroom, and the jury was dismissed. Defendant was returned to the courtroom for discussion on obtaining his release on bond, at which time one of the jurors approached defense counsel's associate, who was told by the juror the verdict was not hers.

This juror swore to an affidavit stating the verdict was not hers; that she knew the minds of the other jurors were made up before the instructions were read and would vote guilty no matter what the court instructed; and she waited for someone to ask her if the verdict was hers and neither the judge nor counsel asked. On direct appeal, this court held the affidavit of the juror could not be used to impeach the verdict after it was recorded. *See State v. Harding*, at 874–876[10, 11].

The juror testified at the Rule 27.26 hearing. She identified the signature on the affidavit as hers; however, she had no recollection of the trial. The motion court ruled there was no credible evidence to believe the jury would have announced a different result.

For counsel to have failed the performance prong of ineffective assistance of counsel, he must have "failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Our review must "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 858, quoting *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

With these principles in mind, we find counsel was not ineffective in not polling the jury. The jury was instructed their verdict must be unanimous prior to their deliberations. The record shows, prior to the jury's dismissal, there was no indication on the part of any juror that the verdict was not theirs. We find no reason for counsel not to have believed the verdict was unanimous. Further, counsel testified that he and movant discussed polling the jury after it returned, but movant didn't believe the verdict would change, and he was more interested in being released on bond. In light of these circumstances, we find counsel was not ineffective.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.