**STATE of Missouri, Respondent,**

v.

**Floyd Allen WEINDORF, Appellant.**

No. 49112.

Supreme Court of Missouri,

Division No. 2.

Nov. 14, 1962.

Claude W. McElwee, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, for respondent.

STORCKMAN, Judge.

The defendant was found guilty by a jury of the offense of robbery in the first degree. At a separate hearing the trial court found that the defendant had been convicted of two prior felonies and assessed his punishment at thirteen years' imprisonment in the penitentiary. The defendant was sentenced accordingly and he has appealed.

■ The case is before us on the transcript of the record on appeal and a brief filed by the state. Since the defendant has not filed a brief, our review will be of the assignments of error properly preserved in his motion for a new trial and the essential parts of the record. Supreme Court Rules 27.20 and 28.02, V.A.M.R.; State v. Slicker, Mo., 342 S.W.2d 946, 947[1].

■ In general the assignments of error in the defendant's motion for new trial are that Senate Bill 117 enacted in 1959 as § 556.280, RSMo 1959, V.A.M.S., is unconstitutional because it violates § 23, Art. III, of the Constitution of Missouri 1945, V.A. M.S., that the trial court erred in admitting in evidence the police records of the City of St. Louis, and that the court erred in sustaining the objection of the circuit attorney to certain arguments of defendant's counsel. The evidence favorable to the state is clearly sufficient to support the conviction and since no complaint is made on that score a brief statement of the facts will suffice.

Robert Angel and his wife Lulu conducted a partnership business known as Lou's Confectionery on North 20th Street

in St. Louis. At about 11:55 p. m. on March 21, 1961, two men entered the confectionery and robbed them of approximately $590 in money. The robbers threatened the Angels telling them that it was a stickup and they would not get hurt if they did not move. One of the men kept one of his hands in the pocket of his jacket as though he had a gun, and the other took a butcher knife away from Mrs. Angel and held it in his hand while the robbery was in progress.

The police were notified and within thirty minutes after the robbery the defendant Weindorf was arrested about six blocks from the confectionery. At that time and at the trial he was identified by the Angels as one of the robbers. The other robber, William Erdelen, was also arrested and identified but was not tried jointly with this defendant. The defendant was represented throughout the trial and subsequent proceedings in the circuit court by court appointed counsel.

The motion for new trial asserts that § 556.280 violates § 23 of Art. III of the Constitution in that it embodies more than one subject and contains subjects which are not clearly expressed in its title. Insofar as pertinent here, § 23 of Art. III, provides that: "No bill shall contain more than one subject which shall be clearly expressed in its title, * * *." Section 556.280 provides in substance that any person previously convicted of a felony upon being tried and convicted of a subsequent offense shall receive such punishment as the trial judge determines within the limits provided by law for the subsequent offense. The title of Senate Bill 117 of the 70th General Assembly, which is § 556.280, reads as follows: "An Act to repeal section 556.280, RSMo 1949, relating to second and subsequent offenses, and to enact in lieu thereof a new section relating to the same subject and to the trial and punishment of persons convicted of crime following one or more convictions, to be known as section 556.280."

█ The safeguards sought to be afforded by § 23, Art. III, of the Constitution

are expressed in State v. Ludwig, Mo., 322 S.W.2d 841, 846[2], as follows: "One of the purposes of the constitutional requirement that a bill shall contain but one subject, clearly expressed in its title, is to prevent surprise or fraud upon members of the legislature and to fairly apprise the public of the subject matter of pending legislation."

██ The coverage of the constitutional provision is stated in the early case of State ex rel. Wolfe v. Bronson, 115 Mo. 271, 21 S.W. 1125, 1126, in this fashion: "The section asserts only two propositions. The first is that no bill shall contain more than one subject, and the second is that this single subject must be clearly expressed in the title. If all the provisions of the bill have a natural relation and connection, then the subject is single, and this, too, though the bill contains many provisions. As to the second proposition, namely, that the single subject must be clearly expressed in the title, it is sufficient to say that the legislature may select its own language, and may use few or many words. It is sufficient that the title fairly embraces the subject-matter covered by the act; mere matters of detail need not be stated in the title."

██ The burden of establishing the unconstitutionality of a legislative enactment rests upon the party questioning it, and a statute will not be held unconstitutional unless it clearly and undoubtedly contravenes some constitutional provision. State v. King, Mo., 303 S.W.2d 930, 932[2, 3].

██ Section 23, Art. III, of the 1945 Constitution should be liberally construed. In order to satisfy the provision's requirements the title of a statute needs only to indicate the general contents of the act, and if the contents fairly relate to and have a natural connection with the subject expressed in the title they are within the purview of the title. State v. King, Mo., 303 S.W.2d 930, 932[1].

██ The defendant's motion charges that § 556.280 RSMo 1959, V.A.M.S., con-

tains more than one subject but wholly fails to specify what the foreign or unrelated provisions are. Nevertheless, we have examined the statute for proscribed material. We find that the provisions of the act all have a natural relationship and connection with the subject of the act which is the trial and punishment of persons convicted of crime following one or more convictions. State v. King, Mo., 303 S.W.2d 930. The subject of the act is single and not in violation of the constitutional provision.

■ Next the defendant contends that the title of § 556.280 is constitutionally deficient in that it does not state or indicate that the trial judge and not the jury should determine whether the defendant has a prior conviction and whether he has been imprisoned, fined, paroled, or placed on probation; and does not state or indicate that if the trial judge finds that the defendant has been previously convicted that the defendant shall receive such punishment provided by law as the trial judge determines; and does not state or indicate that a defendant who has not been discharged is subject to be prosecuted under the act; and does not state or indicate that the new statute is extended to include persons who have been convicted of an offense punishable by imprisonment and have not been discharged either upon pardon or upon compliance with the sentence imposed as provided by the statute prior to its amendment but who have been sentenced and subsequently placed on probation or paroled after being imprisoned. The question here is to determine if the title is broad enough to include the items referred to. They will all be considered together.

The title of the act states generally its purpose to repeal the previous section relating to second and subsequent offenses and to enact in lieu thereof a new section relating to the same subject and to the trial and punishment of persons convicted of crime following one or more convictions. The matters of detail which the defendant urges need not be separately stated in the title

of the act since they all relate to the same subject. We find that the title fairly embraces the subject of the act. State v. Oswald, Mo., 306 S.W.2d 559, 561[2, 3]; State v. King, Mo., 303 S.W.2d 930, 934[4]; State v. Thomas, 301 Mo. 603, 256 S.W. 1028, 1029–1030[6–9]. The defendant's contention that § 556.280 is unconstitutional as being in violation of § 23 of Art. III of the Constitution is denied.

■ The next assignment is that the court erred in admitting police records in evidence because the officer who produced them had nothing to do with their preparation and was not qualified to identify them or to testify to the mode of preparation in the regular course of business. The specification of error in the motion for new trial is broader than the objections made at the trial. To the extent that the assignment on appeal exceeds the objections made when the evidence was offered, it is not well taken and will not be considered. State v. Paglino, Mo., 319 S.W.2d 613, 624[14].

Officer Herbert Lee testified without objection that he had been assigned to the Fifth District for eleven years and was assigned there during March 1961; that in the usual course of business official records were kept of arrests including the time when they were made; and that he had with him the official arrest record of the defendant. The witness was then permitted to testify that the record showed that the defendant was booked at the station at 12:45 a. m. on March 22, 1961, over defendant's objection that no foundation was laid for the officer to testify concerning the records or to make the records themselves admissible in evidence. The officer further testified that the records showed that the defendant was arrested on the street at 12:15 a. m. over the objection that the question called for hearsay. The records themselves were not admitted in evidence nor were they offered and no objection was made at the trial for that reason.

■ There is no merit to the objection that the records were hearsay. The

purpose and effect of the Uniform Business Records as Evidence Law was to make admissible records or other entries which would be hearsay and inadmissible without the law. Sections 490.660–490.690, RSMo 1949, V.A.M.S.; State v. Hampton, Mo., 275 S.W.2d 356, 359[7].

 The statutes providing for the identification of records by the custodian or other qualified witness leaves considerable discretion in the trial court with regard to the qualifications of the witness, the sources of his information, and the sufficiency of the identification. State v. Redding, Mo., 357 S.W.2d 103, 110[19]; Rossomanno v. Laclede Cab Co., Mo., 328 S.W.2d 677. We cannot say that the trial court abused its discretion in overruling the objections made.

During his direct examination the defendant testified that he requested the police officers to give him a lie detector test; that the officers kept asking him for sixteen days if he would submit to a polygraph test and he kept telling them that he would, but they never gave him any such test. During the argument to the jury defendant's counsel stated that the defendant continually requested the police to give him a lie detector test while he was in custody. Thereupon counsel for the state objected on the ground that the argument was beyond the scope of the case because there was no provision for such an examination under the laws of Missouri and the objection was sustained. The defendant assigns as error the ruling of the court. It should be noted that when the objection was made and sustained the objectionable argument had apparently been completed and there was no request or admonition for the jury to disregard it.

 The results of a lie detector examination are not admissible in evidence. State v. Stidham, Mo., 305 S.W.2d 7, 18 [20]; State v. Cole, Mo., 188 S.W.2d 43, 51[12]. There is not the slightest showing in the record that the defendant was prejudiced by the sustaining of the objection.

On the contrary it appears that the defendant obtained a greater advantage than he was entitled to in these circumstances. The court committed no error in sustaining the objection.

We have considered all of the specifications of error contained in the motion for new trial and find them to be without merit. We have also examined the parts of the record and entries designated in S.Ct. Rules 28.02 and 28.08 and find them to be in proper form and free from error. Accordingly the judgment is affirmed.

All of the Judges concur.