STATE of Missouri, Respondent,

v.

Thomas KENT, Jr., Appellant.

No. 50687.

Supreme Court of Missouri,
Division No. 1.

Oct. 12, 1964.

Thomas F. Eagleton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, for respondent.

John D. Connaghan, St. Louis, for appellant.

HYDE, Presiding Judge.

Defendant, charged under the Habitual Criminal Statute (Sec. 556.280), was found guilty of possession of a narcotic drug and sentenced to ten years' imprisonment. Secs. 195.020 and 195.200 (statutory references are to RSMo and V.A.M.S.); State v. Kent, Mo.Sup., 375 S.W.2d 40. However, while a prior conviction of defendant was shown, there was no evidence offered to show that, after sentence in the prior case, defendant was "subsequently placed on probation, paroled, fined or imprisoned therefor" as required by Sec. 556.280 to make the Habitual Criminal Statute applicable. Therefore, we declared the sentence void

(375 S.W.2d 1. c. 43) and remanded the cause with directions to the trial court to follow the same procedure stated and applied in State v. Hill, Mo.Sup., 371 S.W.2d 278, 282, 283. The court held a hearing on these issues and found "that the defendant has been formerly convicted of a felony and has been sentenced therefor and duly imprisoned and discharged therefrom." After overruling his motion for new trial, thereafter filed, defendant was again sentenced to ten years' imprisonment and has appealed.

On this appeal, defendant makes three assignments of error: (1) the court erred in taking additional testimony, as directed by our mandate, on the applicability of the habitual criminal statute because Sec. 556.-280 makes it mandatory that said hearing shall be held prior to submission of the case to the jury; (2) the court erred in overruling his objection to the State's exhibit, a City Workhouse record, because it was not properly identified under the Uniform Business Records Act, Secs. 490.660–490.-690, or shown to be an official record; (3) the State's evidence failed to establish beyond a reasonable doubt, that defendant served any sentence for any crime in any State Correctional Institution.

■ As to the first assignment, of course at the trial the court must hear evidence, "prior to the submission of the case to the jury," Sec. 556.280(2), on the essential issues of the applicability of the habitual criminal statute, in order to decide whether the court or the jury shall determine the punishment. The court did so at defendant's trial; but the State, while showing the prior conviction, failed to produce evidence of subsequent probation, parole, fine or imprisonment therefor. This was not relevant to the issue of guilt but only to the sentencing. Thus as we said in the Hill case, on the authority of Wilfong v. Johnston, U.S.C.A. 9th, 156 F.2d 507, 510, and In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149, "[W]here the conviction is correct, and the error or excess of jurisdiction has been as stated (in sentencing),

there does not seem to be any good reason why jurisdiction of the prisoner should not be reassumed by the court that imposed the sentence, in order that its defect may be corrected." We adhere to this view and hold that the trial court had the authority to hold a hearing on this issue as directed by our mandate and impose sentence upon proof and finding of defendant's imprisonment on a prior conviction of an offense punishable by imprisonment in the penitentiary.

■ As to the second assignment, defendant says there was no evidence of the method or time of preparation of the record admitted, sources of the information it contained, or when entries on it were made. However, the warden of the workhouse said the record was an official record maintained in the course of duties by him and his staff, prepared "from the commitment that accompanies the man when he enters the institution"; and was a part of "a complete file that dates back to the early thirties," kept in the main office. It showed the name, occupation, education and other information concerning Thomas Kent, Jr., showing sentence, date, charge, dates received and released and defendant's signature on being released, as well as the signature of the releasing officer. We consider the State's showing sufficient under our rulings in State v. Weindorf, Mo.Sup., 361 S.W.2d 806, 810, and Rossomanno v. Laclede Cab Co., Mo.Sup., 328 S.W.2d 677, 681–682, overruling Lockhart v. St. Louis Public Service Co., Mo.Sup., 318 S.W.2d 177, cited by defendant; see also State v. Lindner, Mo.Sup., 282 S.W.2d 547, 553; State v. Hands, Mo.Sup., 260 S.W.2d 14, 20–21, and cases cited. We hold the court did not err in admitting this record.

■ As to the third assignment, we find ample evidence that defendant was imprisoned for and served the sentence shown to have been imposed for his 1957 conviction, which was a graded felony. (For range of punishment see Sec. 195.200, RS-1949, V.A.M.S.; see also State v. Brinkley,

354 Mo. 337, 189 S.W.2d 314, 334–335.) His imprisonment was shown not only from the workhouse record but also from the testimony of the warden that defendant, whom he identified at the hearing, was in the workhouse during 1957 and also from the testimony of Officer Head in charge of prisoners at the workhouse. See annotation, 11 A.L.R.2d 880–886, and Missouri cases cited. Officer Head said defendant was in the workhouse from March 1957 through July 1957 and worked there under his direction on the scrub gang doing cleaning work.

The judgment of conviction and sentence is affirmed.

All concur.