**STATE of Missouri, Plaintiff-Respondent,**

v.

**Alphonso HUDSON, Defendant-Appellant.**

No. 34842.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 30, 1973.

Lashly, Caruthers, Rava, Hyndman & Rutherford, John Fox Arnold, St. Louis, Thomas M. Hayes, Jr., Kirkwood, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SIMEONE, Judge.

This is an appeal by the defendant Alphonso Hudson from a judgment of conviction and sentence of twenty years entered in the Circuit Court of the City of St. Louis upon a jury verdict finding the defendant guilty of first degree robbery by means of a dangerous and deadly weapon.

Information was filed on February 20, 1970, alleging certain prior convictions. The information alleged that on January 13, 1970, the defendant robbed Chapman Dairy, Incorporated of property in the care of one Dan O'Connell by putting him in fear. On March 5, 1970, the defendant pleaded not guilty. Thereafter, a motion to suppress evidence was filed which was overruled. Trial began on September 27, 1971.

During the hearing on the defendant's motion to suppress prior to trial, the prosecuting witness, Dan O'Connell, testified that the defendant had also robbed him the day before (January 12) the date for which he was presently being tried. The motion to suppress was overruled and trial was held before a jury. During the examination of O'Connell, he testified that he was robbed the previous day by the "[s]ame man that was robbing me on the 13th." Also, during the course of the trial, the warden of the Medium Security Institution (commonly referred to as the Workhouse) testified, and record evidence was introduced to show, that the defendant escaped on May 17, 1970, from the Institution while being held on the two charges of robbery and was returned to the Institution on August 30, 1970.

The court gave Instruction No. 3 which told the jury that if they found the defendant, after the incident and while confined, broke out or left the Medium Security Institution " . . . for the purpose and with the intent to avoid trial for the offense with which he was charged in this cause, to wit: robbery in the first degree by means of a dangerous and deadly weapon, . . . [then such] breaking out or leaving . . . is a circumstance which may be taken into consideration by you in connection with all the other facts and circumstances in the case, in determining his guilt or innocence of the charge placed against him . . ." After the motion for a new trial was overruled and allocution granted, the court pronounced sentence. The motion for a new trial urged

that the court erred in submitting the Instruction concerning the defendant's " . . . breaking out or leaving the City Workhouse while awaiting trial, . . ."

■ Defendant perfected his appeal to this court. Garrett v. State, Mo., 481 S. W.2d 225. He makes one point on this appeal—the court erred in instructing the jury that the defendant's escape may be taken into consideration in determining his guilt or innocence. He urges that when the defendant is in custody under two or more separate and distinct charges and he escapes from jail, evidence of the escape is inadmissible upon the trial of any one of the two or more charges because it is impossible to determine from which charge the defendant may have been trying to escape. Defendant relies on State v. Green, Mo., 236 S.W.2d 298. This issue was specifically raised in *Green*. The defendant was charged with two counts of robbery and "broke jail." The Supreme Court held that this exclusionary rule did not apply "in the circumstances of this record" because his own testimony made it clear that he had escaped because of the pendency of the charge on trial.

The exclusionary rule of escape, when two or more charges are pending against a defendant, was clearly disapproved in State v. Tyler, Mo., 306 S.W.2d 452, 459. "The Green case did not hold, however, that the exclusionary rule there mentioned was the law in Missouri, nor was any approval given of the mentioned rule." In *Tyler* the defendant contended that the court erred in giving the "flight" instruction because at the time he escaped he was confined on two charges of statutory rape committed on the prosecutrix. The court held that there was no error in giving the instruction and in cases where the exclusionary rule has been applied, confusion existed between the admissibility of the evidence and the weight to be given to the circumstances of the defendant's confinement and escape. " . . . the question of whether an escape shows a consciousness of guilt of the offense on trial is a jury question." *Tyler,*

supra, at 459. See also State v. Piche, 71 Wash.2d 583, 430 P.2d 522, cert. den. 390 U.S. 912, 88 S.Ct. 838, 19 L.Ed.2d 882.

■ *Tyler* controls this case. There is no question that the law of Missouri has been and is that flight and escape may be shown as bearing on the issue of guilt. State v. Coleman, Mo., 441 S.W.2d 46; State v. Holt, Mo., 465 S.W.2d 602; State v. Brletic, Mo., 283 S.W.2d 568. Evidence of escape, even though the defendant is confined on two or more separate charges, is admissible, the weight to be determined by the jury. The trial court did not err in submitting Instruction No. 3.

As we are required to do under Rules 28.02 and 28.08, V.A.M.R., we have considered and examined the information, verdict, judgment and sentence, and find them all to be proper. Therefore, the judgment is affirmed.

SMITH, P. J., and KELLY, J., concur.