**STATE of Missouri, Plaintiff-Respondent,**

v.

**Frank Joseph GUINAN, Defendant-Appellant.**

**No. 35057.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 5, 1974.

Rehearing Denied March 8, 1974.

James C. Jones, James E. Wynne, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty.Gen., G. Michael O'Neal, Chief Counsel, Crim.Div., Jefferson City, Brendan Ryan, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., Charles B. Blackmar, Sp.Asst.Atty.Gen., St. Louis, for plaintiff-respondent.

DOWD, Chief Judge.

Defendant was convicted by a jury of robbery in the first degree by means of a dangerous and deadly weapon (Sections 560.120 and 560.135, RSMo 1969, V.A.M.S.). The state proved prior convictions, and defendant was sentenced by the court to forty years imprisonment in accordance with the Second Offender Act (Section 556.280, RSMo 1969, V.A.M.S.). Defendant appeals.

The defendant does not question the sufficiency of the evidence to support the conviction. Evidence was introduced whereby the jury could reasonably have found the following facts: An A & P grocery store located at 1801 Russell Avenue in St. Louis was robbed on February 19, 1972. Two men participated in the robbery. Both had guns. The taller of the two men was carrying a large automatic weapon. The taller man was identified as the defendant by three employees who were present. Defendant ordered the assistant manager to open four safes in his office from which defendant took money. Then the two robbers took money from the check-out stands. The robbery took about 6 or 7 minutes to consummate.

A few days after the robbery, the police showed a stack of photographs to each of the three A & P employees separately. Each identified defendant. Thereafter, two of the employees identified defendant at separate lineups, and all three employees made an in-court identification of defendant. Additionally, there was evidence of an attempt by defendant to saw through bars in a prison ward at Homer Phillips Hospital. Defendant introduced no evidence.

Defendant raises two contentions on this appeal. The first contention is that the court erred in not suppressing the identification testimony of Mrs. Shirley Daude, one of the A & P employees. Defendant argues that the police lineup was "unnecessarily suggestive and conducive to an irreparable mistaken identification."

The two persons who committed the robbery were of different sizes, one at least six inches taller than the other. Mrs. Daude heard the police state prior to the lineup in which she viewed defendant that the other participant had the nickname "Mouse." She stated that this comment caused her to assume that the taller man would be in the lineup. There were five men in this lineup. Defendant contends that under Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969), this procedure undermined the reliability of Mrs. Daude's identification to such an extent as to violate due process. We disagree.

The police lineup procedures in *Foster* were not similar to the procedure followed here. Foster, 6 feet tall, was placed in a lineup with two other men both about 5 feet, 6 inches tall. Foster thus stood out from the other two men by the contrast of height and by the fact that he was wearing a leather jacket similar to that worn by the robber. After seeing the lineup the witness could not positively identify Foster. He "thought" Foster was one of the robbers. Foster was then brought into an office and sat across from the witness at a table. Even after this one-to-one confrontation, the witness was still uncertain Foster was one of the robbers. About a week later the police arranged for a second lineup of five men. Foster was the only person in the second lineup who had appeared in the first lineup. This time the witness was "convinced" that Foster was one of the robbers.

Here Mrs. Daude had identified the defendant from a number of photographs. At the police lineup there were five men all of the same approximate height and weight. Even though she assumed that the taller man would be in the lineup, she

was still required to decide which of the five men in the lineup was the participant in the robbery. The witness was positive in her identification of the defendant at the scene, from the photographs, at the lineup and in court. We hold therefore that the defendant was in no way prejudiced by the lineup procedure which Mrs. Daude viewed.

Likewise, Judge Bloom, properly found that the witness's identification of the defendant in court had a source independent of the proceedings at the police lineup. The robbery took place in a grocery store and Mrs. Daude was facing the robbers during the commission of the robbery and had an opportunity to observe the defendant's face. We rule this point against defendant. See State v. Walters, 457 S.W. 2d 817 (Mo.1970) and State v. Blevins, 421 S.W.2d 263 (Mo.1967).

■ Defendant's second contention is that the court erred in admitting evidence of defendant's escape attempt from the hospital prison ward and in instructing the jury that they could consider the attempt in deciding upon defendant's guilt. Neither party quarrels with the proposition that flight and escape may be shown as bearing on the issue of guilt, even though the defendant is confined on two or more charges, with the weight to be accorded such evidence being determined by the jury, as most recently expressed in State v. Hudson, 491 S.W.2d 1 (Mo.App.1973). In the instant case, defendant was confined on more than one charge, but he seeks to distinguish *Hudson* on the ground that there was no evidence before the jury in this case of any reason for his escape attempt other than the crime for which he was being tried. The defendant argues that the jury, therefore, had nothing to weigh (i. e., they could not determine whether the escape was motivated by the crime for which he was being tried or by some other factor). The same situation was present in State v. Tyler, 306 S.W.2d 452 (Mo.1957), and the court approved the flight instruction. Following *Tyler,* we rule against defendant's second contention.

■ In addition to the brief filed by defense counsel, the defendant has filed a pro se brief in which he raises the following points: (1) under the plain error rule, defendant is entitled to raise the constitutional issues contained in his other three points; (2) defendant was denied "competent and adequate counsel"; (3) the trial court denied defendant a "full and complete defense" when it permitted the defendant to withdraw, pro se, a motion for a psychiatric examination made by defense counsel and granted by the court; and (4) the court was without jurisdiction to continue after it permitted this pro se withdrawal. As to (3) and (4), the record in this case indicates no motion for psychiatric examination. Without any record to verify his allegations, we must rule against defendant on these two points.

Defendant's contention (2) is couched in generalities reflecting his opinion that his counsel was ineffective. The record on its face does not support this contention.

The judgment is affirmed.

SIMEONE and KELLY, JJ., concur.