STATE of Missouri, Plaintiff-Respondent,

v.

Ferman JONES, Defendant-Appellant.

No. 35764.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Jan. 7, 1975.

---

John C. Danforth, Atty. Gen., Donald R. Bird, Preston Dean, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

Charles D. Kitchin, Public Defender, John F. Bauer, Kent Fanning, Asst. Public Defenders, St. Louis, for defendant-appellant.

SIMEONE, Presiding Judge.

Defendant-appellant, Ferman Jones, was indicted, tried and found guilty by a jury of assault with intent to kill with malice aforethought. Section 559.180, RSMo, V. A.M.S. The court sentenced defendant to ten years in the department of corrections. He appeals. We affirm.

On September 21, 1972, between 7:00 and 7:30 p. m., the victim, Henry L. Fentry, while walking near Page and Blackstone and on his way to a restaurant, was approached by Ferman Jones who said something to the effect that "he wanted me to buy some wine" for him. Fentry told Jones he would not, and, "I didn't have any money." Fentry knew Jones for "quite some time . . . just casually." He knew him from the neighborhood, and knew him by the name of Ferman. Fentry proceeded to the restaurant to order some food for the next day and was to pick it up later. Upon leaving the restaurant, Jones approached him again and asked the same thing. Again Fentry told him he was not going to buy wine. Ferman "made a few more cusses." But Fentry proceeded. He then encountered some teenage boys and girls, and one of the girls requested some money for ice cream. Fentry gave them "some 17 or 18 cents—a quarter—whatever change I had in my pocket, and I proceeded to walk away." He heard a

loud scream. One of the children "hollered". Fentry turned around, saw Ferman for a split second, and was shot by him with a sawed-off shotgun in the stomach. He was critically wounded, taken to the hospital by the police and eventually recovered and was released the latter part of November.

Fentry gave the police information concerning the first name of defendant, Ferman. The next day, September 22, 1972, Officer William Dicus showed Fentry a series of photographs including Ferman Jones. Fentry identified Jones and a warrant was issued.

The defense consisted of the testimony of Mrs. Ethel Jones, the defendant's mother. She testified that on the evening of September 21, 1972, a Thursday, Ferman was with her at home at about 6:00 p. m. and that evening she and Ferman and others went to a funeral home to visit the mother of one of her girlfriends. They arrived at the funeral home at about 7:30 p. m. and left at about 10:00 p. m., and that all this time Ferman was with her. It was the following Saturday [September 23, 1972] that she was informed Ferman was arrested. On cross-examination she could not recall the date of the arrest of Ferman —"it could have been another Saturday."

In rebuttal, the State called a police woman of the St. Louis Police Department, Emma Bergmann. She testified that (1) she was employed in prisoner processing under the direction of the officer in charge (prisoner processing performs "booking procedures", warrant information, releasing and processing prisoners); (2) that records are kept of all bookings for various charges—called "arrest register"; (3) that she worked directly under the officer; (4) that she was "familiar with the manner in which arrest records are kept in Prisoner Processing"; (5) that the record [of Ferman Jones] is kept "in the ordinary course of business in the op-eration of the police department;" and (6) at the request of the circuit attorney's office the arrest record of Ferman Jones was brought to court. This testimony was elicited by both the court and the assistant circuit attorney. The court found "that these are business records and that they qualify under the Business Records Act and the statutes of the State of Missouri." An objection was made that no foundation was laid, "they don't qualify," "they are not competent" and "they are hearsay." The court overruled the objection and admitted the arrest register for the limited purpose of showing the date of booking. The date showed that Ferman Jones was arrested for assault on Fentry on Saturday, September 30, 1972, and not on Saturday, September 23, 1972.

Defendant requested an instruction on assault with intent to kill without malice, but the court declined. The court did give a requested alibi instruction.

The jury unanimously found the defendant guilty of the charge, but could not agree on punishment, and he was sentenced by the court.

Defendant appeals and contends that the trial court erred in (1) failing to sustain the objections to the testimony of Miss Bergmann from an arrest register when the State failed to qualify the record under the Business Records Act, and (2) failing to give an instruction on assault with intent to kill without malice.

■ Under the first point, appellant contends there was no evidence presented as to the "mode of the preparation of the record or that it was made at or near the time of the recorded event." The requirements are set out in the statute and "a showing must be made that the record was prepared in accordance with the statute to justify its admission in evidence." But we hold that the arrest register was sufficiently qualified to come within the purview of "The Uniform Business Records as Evi-

dence Law," §§ 490.660 [1]–490.690, RSMo 1969, V.A.M.S. This act abrogated many of the antiquated and technical common law rules regarding the admission of business records in evidence and expanded the operation of the common law rule for the admission of such records as an exception to the hearsay rule. Rossomanno v. Laclede Cab Company, 328 S.W.2d 677, 681 (Mo. banc 1959). The statutes leave considerable discretion in the trial court with regard to the qualifications of the witness and the sufficiency of the identification. State v. Weindorf, 361 S.W.2d 806, 811 (Mo.1962). We cannot say that the trial court abused its discretion in overruling the objections. Defendant contends there was no evidence as to the mode of preparation or that it was made at or near the time of the recorded arrest. But there was evidence, as developed by the court and counsel for the State that records were kept of all bookings for various charges in the arrest register, that the records were kept in the ordinary course of business, that there is a time limit under which he can be confined without booking, and that Miss Bergmann was familiar with the manner in which the arrest records are kept. This is sufficient.

In State v. Kent, 382 S.W.2d 606 (Mo. 1964), it was held that a city workhouse record identified by a warden as the official record maintained in the course of duties by him and his staff, and prepared from the commitment that accompanies the man when he enters and was part of a complete file was sufficient to qualify under the business records act. The court rejected defendant's assignment that there

was "no evidence of the method or time of preparation of the record admitted, sources of the information it contained, or when entries on it were made."

The authorities [2] relied upon by defendant properly recite the general principles relating to the admission of a document under § 490.680, but are not dispositive of the issue presented here.

Next, defendant Jones contends that the court erred in failing to instruct on the lesser offense of assault with intent to kill without malice aforethought. § 559.180, RSMo, V.A.M.S. He argues that there were two brief "disagreements" with the defendant; there is no indication that any substantial time lapsed between the "arguments" and the shooting; the victim was shot "only" once in the stomach. (The officer described the wound as big as his fist.) Therefore, the jury should have been permitted to determine if there was malice aforethought.

The trial court did not err in failing to instruct on assault with intent to kill without malice. It is well established that an instruction on the lesser offense is required only if there is evidence to support such a submission. State v. Burns, 328 S.W.2d 711, 713 (Mo.1959). The law presumes malice as a concomitant of an assault when a deadly weapon is used in the absence of countervailing testimony. State v. Jackson, 477 S.W.2d 47, 53 (Mo.1972). Malice was properly defined by the trial court—"as intentionally and without just cause or excuse and after thinking about it beforehand and for any length of time, however short." The evidence here was

1. Section 490.680, RSMo 1969, V.A.M.S. provides:

   "A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, methods and time of preparation were such as to justify its admission."

2. Lang v. St. Louis-San Francisco Ry. Co., 364 Mo. 1147, 273 S.W.2d 270, 276 (1954); State v. McCormack, 263 S.W.2d 344, 347 (Mo.1954); Gray v. St. Louis-San Francisco Ry. Co., 363 Mo. 864, 254 S.W.2d 577, 579–580 (1952); Kennedy v. Boken Associates, Inc., 381 S.W.2d 39, 43 (Mo.App.1964); McLendon v. Leighty, 320 S.W.2d 735, 737 (Mo.App.1959). We also note that three of the cases defendant relies on in his argument are not cited in his "Points Relied On" in violation of Rule 84.04(d), V.A.M.R.

such that the defendant was either guilty of an assault with malice or he was not guilty. State v. Jackson, supra, 477 S.W. 2d at 53, and cases cited therein. The defense consisted of the fact that defendant was with his mother at a funeral on the evening of the assault, and hence did not assault Mr. Fentry. In such circumstances refusal to give the requested lesser offense instruction was not error. State v. Washington, 357 S.W.2d 92, 95 (Mo.1962).

The evidence was that the defendant approached Fentry not once but twice and requested money for wine; that as Fentry was leaving the teenagers, Jones shot him in the stomach with a sawed-off shotgun, a deadly weapon. Under this evidence there was malice aforethought, and there was no evidence to support a submission on the lesser offense of assault without malice, hence the court did not err in failing to so instruct.

We find no error and accordingly affirm the judgment of conviction.

The judgment is affirmed.

McMILLIAN and GUNN, JJ., concur.