STATE of Missouri, Plaintiff-Respondent,

v.

Lewis JONES, Defendant-Appellant.

No. 36557.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 24, 1976.

Motion for Rehearing or Transfer
Denied March 10, 1976.
Application to Transfer Denied
April 14, 1976.

Thomas J. Prebil, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, Sheila K. Hyatt, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant was convicted of murder in the first degree, § 559.010, RSMo 1969, for which he was sentenced to life imprisonment, and of robbery by means of a dangerous and deadly weapon, § 560.120, RSMo 1969, for which he was sentenced to five years imprisonment. The trial court ordered the sentences to run consecutively as was mandatory under § 546.480, RSMo 1969. Defendant has appealed this judgment and sentence. We reverse the judgment and remand the case for the limited purpose of re-sentencing the defendant.

On November 28, 1972 between 1:30 and 2:00 p. m. defendant and another man entered Johnson's Market at 4300 North Market in the City of St. Louis. Defendant drew a gun, threatened Mrs. Robinson, the sales clerk, and fired a shot at the proprietor, Mr. Victor Johnson. Mr. Johnson fell to the floor wounded. Defendant removed $23.00 from the cash register and left the store with the other man. Mr. Johnson rose, removed a gun from a cabinet, and left in pursuit of the robbers. Mrs. Robin-

son sought help and upon returning to the street saw defendant holding a gun pointed at Mr. Johnson's back. She heard a shot and Mr. Johnson fell. Defendant fled. Mr. Johnson was pronounced dead on arrival at Homer Phillips Hospital at 2:15 p. m.

Subsequent to identification by Mrs. Robinson, defendant was apprehended and taken to city jail on December 6, 1972. He escaped on February 3, 1973 and was re-arrested on April 18, 1974.

The state offered into evidence defendant's detention records from the city jail which contained entries concerning his escape and return. Defendant contends these records were improperly admitted into evidence since they lacked required foundation. The Uniform Business Records as Evidence Law, § 490.680, RSMo 1969, outlines the minimum requirements for admitting business records into evidence. *State v. Taylor*, 486 S.W.2d 239, 242[1, 2] (Mo.1972). The statute requires a preliminary showing of the identity of the records, the mode and time of their preparation, and the making thereof in the regular course of business. *State v. Triplett*, 520 S.W.2d 166, 168[1, 2] (Mo.App.1975). This showing must be made by a custodian or some other person familiar with these facts. *State v. Jones*, 518 S.W.2d 322, 324[1, 2] (Mo.App. 1975). The records here were identified by a corrections officer from the city jail who stated he had proper custody of the records at times. He testified to his knowledge that they were kept in the ordinary course of the operation of the jail with entries made at the time events occurred. This evidence satisfies the requirements of § 490.680, *supra*. A trial court has wide discretion in accepting records into evidence once this statutory basis is laid. *State v. Jones, supra*. Considering the evidence given, we find no abuse of discretion.

Defendant next contends the flight instruction given was a comment on the evidence which unduly emphasized his escape and thereby prejudiced him in the eyes of the jury. This flight instruction informed the jury that if they found defendant had escaped to avoid prosecution, they might consider that fact in determining his guilt. It has been a longstanding rule in Missouri that this instruction is permissible where escape occurs prior to trial. *State v. Blockton*, 526 S.W.2d 915, 920[16] (Mo.App.1975); *State v. Hudson*, 491 S.W. 2d 1, 3[2, 3] (Mo.App.1973). Although MAI–CR 5.40 prohibits submission of flight instructions after March 1, 1975, this bar is not retroactive. *State v. Fleming*, 523 S.W.2d 849, 854[5] (Mo.App.1975). Defendant's trial was in August, 1974. The flight instruction given was a standard instruction which was proper at that time and warranted by the evidence. The giving of this instruction at that time was not prejudicial error.

Defendant as his final point contends the court should have exercised its discretion in imposing consecutive or concurrent sentences. § 546.480, *supra*, under which mandatory consecutive sentences were imposed, is unconstitutional. *State v. Baker*, 524 S.W.2d 122 (Mo.1975). The trial court must exercise discretion in imposing sentences where verdicts of guilty on multiple count informations or indictments are involved. A remand for that purpose is proper. *State v. McCollum*, 527 S.W.2d 710, 714[5] (Mo.App.1975); *State v. Brown*, 525 S.W.2d 565, 568[5, 6] (Mo.App.1975). In this case the trial court clearly stated it was imposing consecutive sentences as required by the statute and *State v. Neal*, 514 S.W.2d 544 (Mo.1974).

The judgment is reversed and the case is remanded for the limited purpose of re-sentencing by the court, in an exercise of its discretion whether to impose the sentences consecutively or concurrently.

McMILLIAN and RENDLEN, JJ., concur.