STATE of Missouri,
Plaintiff-Respondent,

v.

John Cornelius DALY,
Defendant-Appellant.

No. 37761.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 1, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1977.

Application to Transfer Denied
Feb. 8, 1978.

J. Martin Hadican, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., George F. Meyer, Jr., Asst. Pros. Atty., Clayton, for plaintiff-respondent.

DOWD, Judge.

Defendant-appellant was found guilty by a jury of two counts of Robbery in the First Degree by Means of a Dangerous and Deadly Weapon. He was sentenced under the Second Offender Act, Section 556.280 RSMo 1969, to twenty-five years on Count I and fifty years on Count II, the sentences to run consecutively in the Missouri Department of Corrections. Defendant appeals.

Defendant raises three points on appeal. He first charges that the court erred in imposing consecutive sentences. Defendant's second point is that the court erred in overruling the defendant's motion for an evidentiary hearing on the admissibility of the results of a polygraph examination. His third contention is that the court erred in overruling his motion to suppress certain physical evidence, arguing that the evidence was the product of an illegal search and seizure. We affirm the judgment. There is no challenge to the sufficiency of the evidence. Therefore, we shall state only the facts necessary for a decision of the appeal.

On January 29, 1975, defendant entered the Gravois Bi-Rite Store and robbed Lawrence Margulis, the owner of the store of about $800.00. At the trial, Mr. Margulis identified defendant as the man who committed the robbery. Pamela Denning who was also present in the store on January 29, 1975, identified defendant as the man who robbed the store. Mr. Margulis was also present when the store was robbed again on March 24, 1975 and he positively identified defendant as the man who committed the second robbery. Three other witnesses who were also present in the store on March 24, 1975 at the time of the robbery, identified defendant as the perpetrator of the crime.

Officers Ronnie Marshall and Joseph Walsh traced the license number of the getaway car and the license was issued to defendant. They then proceeded to defendant's apartment and arrested him. Three hundred and eighty dollars in cash was found in his pockets. Later, Officer Marshall looked in defendant's car and observed within plain view articles of clothing matching the description of the clothing worn by the robber. The police officers then entered the unlocked car and seized the items of clothing. The car was then searched and two .38 caliber revolvers were found and seized.

Defendant contends that "the court erred in imposing consecutive sentences for the reason because that it did so because it was under the impression that it was required to do so under Section 546.480 of the Revised Statutes of Missouri rather than because it exercised its judicial discretion." § 546.480 RSMo 1969 reads:

"When any person shall be convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction."

On June 9, 1975 the Missouri Supreme Court held § 546.480 RSMo 1969 unconstitutional in State v. Baker, 524 S.W.2d 122, 131 (Mo. banc 1975). In Baker, the court held that while the trial court may exercise its discretion to impose consecutive sentences, it is not mandatory that consecutive sentences be imposed.

■ The defendant relies on Baker in arguing that there was a failure on the part of the court to exercise discretion as to whether consecutive or concurrent sentences should be assessed. Defendant contends that the transcript fails to demonstrate that the trial court exercised its discretion in imposing the consecutive sentences. Because of the allegedly silent record, defendant asserts that it must be assumed that the trial judge imposed the consecutive sentences mandatorily, believing he was still bound by § 546.480. We disagree.

The judge clearly stated the various factors involved in assessing the punishment. The factors influencing the judge's decision were appellant's prior criminal record, the age of appellant, and the seriousness of the offenses involved. The record also indicates that defendant was sentenced on January 6, 1976. State v. Baker was decided on June 9, 1975. At the time the judge sentenced defendant, we are confident that the trial judge was cognizant of the fact that § 546.480 RSMo 1969 was no longer controlling. In addition there is no mention in the record that the court imposed consecutive sentences because of § 546.480.

Defendant's second point is that the court erred in overruling the motion for an evidentiary hearing on the admissibility of the results of a polygraph examination. Defendant further contends that the denial of this motion precluded him from introducing testimony justifying the admissibility of the results of the polygraph examination thereby denying him his right to a fair and impartial trial.

Several months after the robberies, the defendant took a polygraph test administered by the Wells Fargo Investigation Services. The test indicated that defendant was not lying when he denied the robberies of the Bi-Rite Store. At the trial defendant filed a motion for an evidentiary hearing on the admissibility of the results of the test. His motion was denied. Defendant argues that the Missouri Courts should admit the results of polygraph tests if certain criteria is established: a) the expertise of the polygraph examiner; b) the reliability of the testing procedure used as approved by authorities in the field; and c) the validity of the test as applied to the particular defendant. Additionally defendant asserts that he should have been granted an opportunity to present the necessary evidence to meet the above criteria.

■ The law is well established in Missouri and in most other states that the results of polygraph tests are not admissible

in evidence because they lack scientific support for their reliability. *State v. Cole,* 188 S.W.2d 43, 51[13] (Mo.1945); *State v. Weindorf,* 361 S.W.2d 806, 811[17] (Mo.1962), and *State v. Faught,* 546 S.W.2d 515, 516[1] (Mo.App.1977). While the Missouri Supreme Court has ruled that the results of polygraph tests can be introduced into evidence if both parties stipulate to their admissions, it did not rule on the issue of scientific reliability of the polygraph tests. *State v. Fields,* 434 S.W.2d 507, 514[3] (Mo. 1968). In the present case, there was no stipulation as to the admissibility of the polygraph test. Therefore, even if the trial judge had granted an evidentiary hearing, the results of the test could not have been admitted into evidence. *State v. Cole,* supra; *State v. Faught,* supra.

The third point relied on is that the court erred in overruling defendant's motion to suppress evidence of the revolvers found under the front seat of defendant's car. Defendant contends that the search of the automobile was illegal and violated his Fourth Amendment rights.

Defendant concedes that the jackets, gloves and hats were clearly visible in the back seat, justifying seizure under the plain view doctrine. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). However, defendant argues that the seizure of the revolvers cannot be justified under the plain view doctrine of *Coolidge* or under the holding of *Carroll v. U. S.,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) that a police officer may search an auto where there is probable cause to believe that the auto contains instrumentalities or fruits of a crime. At the motion to suppress the evidence, Officer Marshall testified that the search was conducted without a warrant and that the guns were not visible from outside the car.

We believe that the facts here established that the search of the automobile and the resulting seizure of the guns was based on probable cause.

■ Because of an automobile's mobility, it may be searched without a warrant if the police have probable cause to suspect that the automobile contains instrumentalities of a crime. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). In the case of *State v. Hornbeck,* 492 S.W.2d 802, 805[2] (Mo.1973) probable cause is defined as:

". . . more than mere suspicion, but exists where the facts and circumstances within the knowledge of the seizing officers, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed or that the contents of an automobile offend against the law."

■ Probable cause is clearly established here. The officers were given a description of the automobile, the suspect, and both the suspect's name and address. Defendant matches the description of the robber. Three hundred and eighty dollars were found in his pockets. A large amount of cash was taken in the robbery. A car similar to the description of the getaway car, with the license number of the getaway car, was parked near the apartment building. In the back seat of the automobile the police could see within plain view, clothing matching the description of the clothing worn by the robber. The officers knew that a gun had been used in the holdup. Upon finding the clothing in the automobile, it was reasonable for the police to suspect that the revolvers were hidden somewhere in the automobile. We believe there was probable cause for the search of the automobile. *Chambers v. Maroney,* supra.

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.