**STATE of Missouri, Respondent,**

v.

**Anthony ROGERS, Appellant.**

No. 39704.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 27, 1979.

Quinn & Ground, Paul E. Ground, Manchester, for appellant.

John D. Ashcroft, Atty. Gen., Kathryn Marie Krause, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Defendant was convicted of second degree burglary—a § 560.045, RSMo 1969 offense. His appeal is based on the following: (1) that defendant was improperly interdicted in his cross-examination of the victim as to whether she had insurance to cover her loss; (2) that under the Uniform Business Records as Evidence Act, § 490.-660, RSMo 1969, the trial court erred in foreclosing defendant's examination of a witness on the contents of a police report; (3) that denial of his motion for acquittal was error. We affirm.

Amy Harper's St. Louis residence was burglarized. Her teenage daughter first noticed the evidence of burglary about noon when she observed that a downstairs bedroom glass door and basement window had been broken. The lock to the basement door had also been broken and furniture had been moved. Three new carpets were missing from the bedroom. Ms. Harper's daughter notified her mother and police, and an investigation ensued. Police were able to lift two fingerprints and a palm print from the broken glass of the downstairs bedroom door, and one of the prints was identified as defendant's.

During the cross-examination of Ms. Harper, defendant's attorney inquired if she had homeowner's insurance. An objection by the prosecutor as to the relevance of the question was sustained, but Ms. Harper answered anyway: "I don't have Homeowners Insurance." On appeal defendant contends that he was denied his proper right of cross-examination, in that he was seeking to show that the prosecution witness had a motive to falsify her testimony. But the trial court cannot be charged with error, for at trial defendant made no offer of proof or explanation as to the nature and purpose of his examination. As we cannot say that the pertinence of the question was apparent on its face, an offer of proof was necessary to show its relevance. *State v. Tolliver*, 562 S.W.2d 714 (Mo.App.1978); *State v. Davis*, 515 S.W.2d 773 (Mo.App. 1974).

Further, there was no possible prejudice to defendant by the trial court's action. The witness, in disregard of the court's ruling, volunteered her answer that she had no insurance. The witness' testimony had the effect of totally enervating the thrust of defendant's theory—that the victim had a motive to falsify her testimony as she was seeking to benefit from the crime by insurance; she had no insurance. Thus, the defendant would not have benefited even from a favorable court ruling, and no harm occurred. See *State v. Williams*, 513 S.W. 718 (Mo.App.1974).

Defendant's second point relates to the trial court's refusal to allow the state's fingerprint expert to testify as to the police report prepared by another officer covering the investigation. Defendant claims that the fingerprint expert was qualified to testify under the Uniform Business Records as Evidence Act by reason of his past experience as a police officer and the fact that he had prepared such reports previously. However, the trial court is vested with substantial discretion in determining whether a witness is qualified to testify under the Uniform Business Records Act. State v. Boyington, 544 S.W.2d 300 (Mo. App.1976); State v. Jones, 518 S.W.2d 322 (Mo.App.1975). We find no abuse of discretion here in refusing to allow the fingerprint expert to testify as to the police report. The witness had not been a regular patrolman for 6½ years. There is no indication that he could testify from personal knowledge as to the current practices of keeping police reports or their mode of preparation. The record is barren of any indication that he had means of knowing whether the information in the report was accurate. Therefore, the trial court cannot be accused of acting capriciously in disallowing the fingerprint expert's testimony regarding a police report prepared by another officer. Olsten v. Susman, 362 S.W.2d 612 (Mo.1962). In addition, the defendant offered no evidence as to the unavailability of the witness who kept or prepared the report. The proper evidence here would have been the testimony of the officer who prepared the report, its official custodian or, at least, someone whose duty it was to be familiar with its preparation and to whom the information had been transmitted. State v. Weindorf, 361 S.W.2d 806 (Mo.1962); State v. Boyington, supra; State v. Brauch, 529 S.W.2d 926 (Mo.App. 1975). In any event, the defendant was not prejudiced by being rebuffed in his effort to present the information in the police report, which supposedly would highlight inconsistencies in the victim's daughter's testimony as to the time of her discovery of the burglary and its report to the police. These inconsistencies were fully elicited and developed in the defense cross-examination of the daughter, and the police report would have added nothing more.

Defendant's final point is that defendant's fingerprint at the scene of the crime was not sufficient evidence to support the conviction. As defendant has cited no authority in support of this point relied on, it is deemed abandoned and not preserved for review. State v. Crowell, 560 S.W.2d 889 (Mo.App.1978); State v. Robinson, 555 S.W.2d 667 (Mo.App.1977). Also, the fingerprint evidence here was sufficient proof of identity to sustain defendant' conviction. State v. Parker, 535 S.W.2d 126 (Mo.App.1976); State v. Ivery, 534 S.W.2d 107 (Mo.App.1976).

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.